HAMILTON v BECKER ORTHOPEDIC APPLIANCE COMPANY

Docket No. 181236. Submitted November 7, 1995, at Lansing. Decided December 19, 1995, at 9:00 A.M.

Johnie L. Hamilton brought an action in the Oakland Circuit Court against Becker Orthopedic Appliance Company. Over a period of five months, the parties then engaged in five exchanges under the offer of judgment rule, MCR 2.405. However, after each established its position in the initial exchange, neither changed its original position with regard to the amount offered in its offer or counteroffer. Following a trial and a verdict for the defendant, the trial court, Gene Schnelz, J., denied the defendant's motion for an award of costs and attorney fees pursuant to MCR 2.405. The defendant appealed.

The Court of Appeals *held:*

The trial court erred in denying an award of attorney fees and costs. The denial did not serve the interest of justice. In the absence of any articulated and compelling rationale, the interest of justice is served by awarding attorney fees and costs to vindicate the purpose of MCR 2.405, which is to encourage settlement and to deter protracted litigation.

Reversed and remanded.

TRIAL — OFFERS OF JUDGMENT — COSTS — ATTORNEY FEES.

A trial court that decides not to grant fees that otherwise would be properly awarded under MCR 2.405 must articulate why the interest of justice will be served in light of the role that MCR 2.405 was designed to serve in the administration of the judicial process under the Michigan Court Rules; in the absence of any articulated and compelling rationale, the interest of justice is served by awarding attorney fees and costs.

*Kepes, Wine & McNeilage, P.C.* (by *Carol A. McNeilage* and *Miriam Z. Wolock*), for the plaintiff.

REFERENCES

Am Jur 2d, Damages § 615.

See ALR Index under Attorney's Fees.

*Moffett & Dillon, P.C.* (by *Donald R. Dillon, Jr.,* and *Christine M. Battle*), for the defendant.

Before: SAWYER, P.J., and YOUNG and S. B. NEIL-SON,* JJ.

YOUNG, J. The sole issue before this Court is whether the trial court erred in denying defendant costs and attorney fees pursuant to MCR 2.405. We find that the trial court did err. Consequently, we reverse and remand for further proceedings consistent with this opinion.

I

The history of the parties' engagement under the offer of judgment rule, MCR 2.405, is varyingly described as "hollow offers" by the plaintiff and as "mind boggling" "ping-pong" playing by the trial court. Both characterizations are accurate and reflect how cavalierly the parties participated in the settlement process contemplated by MCR 2.405.

Although over a period of five months the parties engaged in five exchanges under the offer of judgment rule, after each had established its initial "offer" position, neither subsequently changed its position by a farthing. In the face of this admittedly "hollow" set of exchanges, it is not surprising that the parties failed to settle the case. Consequently, each party took a chance that it might prevail at trial and thereby avoid imposition of costs under the rule. The matter was ultimately decided in a trial that resulted in a verdict for defendant.

Defendant moved for attorney fees and costs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

under the rule. The trial court, acknowledging appropriate pique at the parties' gamesmanship, ruled as follows:

> Now, as to the motion for costs and attorney fees, this one kind of bothers me. The defendant seeks costs and attorney fees under MCR 2.405, which governs offers to stipulate to the entry of a judgment. . . .
>
> Now, defendant maintains that the following offers were made. And this is kind of mind-boggling. June 18th, '93, the defendant offered seventy-five hundred. Plaintiff properly countered on July 12th, '93 for thirty-four five.
>
> July 26th, '93, again the defendant offers seventy-five hundred. Again, the plaintiff, on August 18th properly says thirty-four-five.
>
> Well, now we're playing a game.
>
> And on November the 2nd, '93 we have the defendant coming back at seventy-five hundred. Plaintiff didn't respond at that point in time.
>
> I'm not sure how many times it's necessary to bat a ball back and forth and then are we, just what are we accomplishing at this point? To me, it means that we're accomplishing little.
>
> *     *     *
>
> . . . I'm just going to be very blunt. This was just playing ping-pong. And I'm satisfied that everybody knew everybody's position clearly and that to continue this has just become nothing more than a repetition. And I'm not going to have any evidentiary hearing on this. I'm not going to do anything. I think I may in fact have the opportunity to exercise discretion in connection with this. . . .
>
> *     *     *
>
> But I'm not going to award any costs or attorney fees. I think it was a balancing in connection with the thing. And to do so, under the circumstances here, would be unjust.

## II

MCR 2.405 provides, in relevant part:

(D) Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

* * *

(3) The court shall determine the actual costs incurred. The court may, in the interest of justice refuse to award an attorney fee under this rule.

As stated by this Court on its first occasion to consider MCR 2.405, the purpose of the rule is "to encourage settlement and to deter protracted litigation." *Sanders v Monical Machinery Co,* 163 Mich App 689, 692; 415 NW2d 276 (1987). Both the progeny of *Sanders* and commentaries on the rule recognize that, while the rule allows the trial court discretion to deny an award, "few situations will justify denying an award of costs under MCR 2.405 in the 'interest of justice.'" 2 Martin, Dean & Webster, Michigan Court Rules Practice, authors' comment, 1995 Supp, p 157; *Gudewicz v Matt's Catering, Inc,* 188 Mich App 639; 470 NW2d 654 (1991).

MCR 1.105 provides that the court rules "are to be construed to secure the just, speedy, and economical determination of every action." Party-driven settlement contemplated by MCR 2.405 is consonant with that purpose. The term "interest of justice" is not defined in the offer of judgment rule. However, it is not the equivalent of a legal Rorschach test on to which each jurist may project his or her individualized notion of justice.

While the individual conduct of the parties and circumstances of each case may be relevant to a

determination of what constitutes the "interest of justice" under the rule,[1] the general purpose of the offer of judgment rule must be given weight. When a decision is made not to grant fees that would otherwise be properly awarded under the rule, the trial court must articulate why the "interest of justice" will be served in light of the role that MCR 2.405 was designed to serve in the administration of our judicial process under the Michigan Court Rules.

Although we can sympathize with the trial court's justifiable frustration that neither party undertook the obligations of MCR 2.405 as seriously as they might have, the denial of fees, based upon "a pox on both houses" rationale, does not serve the interest of justice. On the contrary, in the absence of any articulated and compelling rationale, we believe that the interest of justice is served by awarding attorney fees and costs to vindicate the purpose of the rule, thereby increasing the prospect that parties seriously will engage in the type of settlement process the rule clearly contemplates. Indeed, on more compelling facts than presented in this case, this Court has previously held that a trial court erred in denying an award of attorney fees and costs. See *Sanders, supra.*

Reversed and remanded. We do not retain jurisdiction.

---

[1] For example, this Court has held that, while not controlling, the good faith and the reasonable conduct of the parties may be considered in determining whether the attorney fees are appropriate. *Stamp v Hagerman,* 181 Mich App 332, 339; 448 NW2d 849 (1989). However, this Court has striven to provide increasingly objective measures for determining how to assess what factors support the "interest of justice" in a particular case. In *Nostrant v Chez Ami, Inc,* 207 Mich App 334, 338-341; 525 NW2d 470 (1994), this Court noted the relevance of a mediation evaluation as an appropriate benchmark for determining a party's reasonableness in approaching offers of judgment, while condemning, as improper under MCR 2.405, independent post hoc evaluations of the "merits" of a party's claim by the trial court.