LUIDENS v 63RD DISTRICT COURT

Docket Nos. 165935, 167662. Submitted April 16, 1996, at Grand Rapids. Decided September 17, 1996, at 9:30 A.M. Leave to appeal sought.

Jack J. Luidens brought an action in the Kent Circuit Court against the 63rd District Court and a judge of that court, alleging age discrimination related to the termination of his employment with the district court. Mediation resulted in an evaluation in favor of the plaintiff, which the district court accepted but the plaintiff rejected. The plaintiff made an offer of judgment, to which the district court made a counteroffer in the amount of the mediation evaluation. A jury returned a verdict of no cause of action, and the trial court, H. David Soet, J., entered judgment on the verdict. The district court moved for an award of costs and attorney fees under MCR 2.403, the court rule regarding mediation. The trial court determined that MCR 2.405, the court rule regarding offers of judgment, applied and awarded taxable costs as requested by the district court's state attorney but not as requested by the district court's county attorney. The trial court also refused to award attorney fees to the district court. The plaintiff appealed the judgment of no cause of action, claiming that the trial court erred in instructing the jury about the plaintiff's burden of proof by giving SJI2d 105.04 instead of the instruction based on *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), that the plaintiff requested. The district court appealed the award of costs and the denial of an award of attorney fees. The appeals were consolidated.

The Court of Appeals *held*:

1. The committee that formulated the standard jury instructions for employment discrimination declined to adopt the *McDonnell Douglas* model on the ground that it adds little to the jurors' understanding of the case and may lead to juror confusion. The standard jury instructions correctly state the law and do not mislead the jury. The trial court did not abuse its discretion in instructing the jury.

2. In an action in which there has been both the rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer of judgment under MCR 2.405, the cost provisions of the rule under which the later rejection occurred control, except that if a party

would be entitled to costs under both rules costs may be recovered from the date of the earlier rejection. Here, the rejection of the offer of judgment was the later rejection. MCR 2.405 therefore controls the award of costs and attorney fees in this case. Under MCR 2.405(D)(2), if the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the actual costs incurred in the prosecution or defense of the action. MCR 2.405(D)(3) provides that the trial court shall determine the actual costs incurred and that the trial court may, in the interest of justice, refuse to award attorney fees. The "interest of justice" exception does not authorize courts to refuse reimbursement of incurred costs, other than attorney fees, if the costs would normally be taxable under existing rules and statutes. The trial court appropriately applied MCR 2.405 in awarding the costs requested by the state. The record is unclear regarding the basis for the trial court's rejection of the costs requested by the county. On remand, the trial court must articulate the basis for its denial of the county's request for costs.

3. Attorney fees should be awarded as a sanction for the rejection of an offer of judgment unless unusual circumstances would make a denial of such an award serve the interest of justice. Unusual circumstances include, but are not limited to, offers of judgment made for gamesmanship purposes, cases involving a legal issue of first impression, and cases involving an issue of public interest. The reasonable refusal of an offer of judgment, the disparity in the economic standing of the parties, or the nonfrivolousness of a claim does not constitute unusual circumstances that justify a denial of an award of attorney fees under MCR 2.405(D)(3). On remand, the trial court must reconsider its denial of an award of attorney fees.

Judgment and award of costs to state affirmed, denial of attorney fees requested by the state reversed, and case remanded for articulation of reasons for denial of costs to the county and reconsideration of denial of attorney fees requested by the county.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — JURY INSTRUCTIONS — BURDEN OF PROOF.

The standard jury instructions regarding a plaintiff's burden of proof in an action for employment discrimination correctly state the law and do not mislead the jury (SJI2d 105.04).

2. PRETRIAL PROCEDURE — OFFERS OF JUDGMENT — SANCTIONS FOR REJECTION — COSTS — ATTORNEY FEES.

A court may, in the interest of justice, refuse to award attorney fees as a sanction for the rejection of an offer of judgment; the "interest

of justice" exception does not authorize the court to refuse reimbursement of incurred costs, other than attorney fees, if the costs would normally be taxable under existing rules and statutes (MCR 2.405).

3. PRETRIAL PROCEDURE — OFFERS OF JUDGMENT — SANCTIONS FOR REJECTION — ATTORNEY FEES.

Attorney fees should be awarded as a sanction for the rejection of an offer of judgment unless unusual circumstances would make a denial of such an award serve the interest of justice; the reasonable refusal of an offer of judgment, the disparity in the economic standing of the parties, or the nonfrivolousness of a claim does not constitute unusual circumstances that justify a denial of an award of attorney fees. (MCR 2.405[D][3]).

*Randie K. Black,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordon* and *Leo H. Friedman,* Assistant Attorneys General, and *Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Jack R. Clary* and *Marshall W. Grate*), for the defendants.

Before: McDONALD, P.J., and MARKMAN and C. W. JOHNSON,* JJ.

MARKMAN, J. In Docket No. 165935, plaintiff appeals as of right the judgment for defendant rendered following a 1993 jury trial. In Docket No. 167662, defendant 63rd District Court appeals as of right the circuit court's order denying its motion for attorney fees and denying a portion of its requested taxable costs. We affirm the judgment but remand with respect to the order regarding taxable costs and attorney fees.

The present matter arises out of an age discrimination claim relating to defendant's termination of plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff's employment as chief probation officer. Plaintiff was sixty-three years old at the time of termination. Defendant presented evidence indicating poor work performance by plaintiff.

In Docket No. 165935, plaintiff argues that the trial court erroneously used SJI2d 105.04 rather than a jury instruction plaintiff proposed regarding his burden of proof. Plaintiff's proposed instruction was based on the approach of *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), as articulated in *Matras v Amoco Oil Co*, 424 Mich 675; 385 NW2d 586 (1986). MCR 2.516(D)(2) requires that standard jury instructions be given when they are applicable, accurately state the applicable law, and are requested by a party. Plaintiff contends that the standard instruction was inapplicable to the present case, which did not involve a reduction in workforce, and improperly raised his burden of proof. In *Rice v ISI Mfg, Inc*, 207 Mich App 634, 637; 525 NW2d 533 (1994), this Court held:

> The determination whether an instruction is accurate and applicable to a case is in the sound discretion of the trial court. There is no error requiring reversal if, on balance, the theories and the applicable law were adequately and fairly presented to the jury.

This Court addressed a similar issue in *Wilson v General Motors Corp*, 183 Mich App 21; 454 NW2d 405 (1990), in which the defendant proposed a jury instruction based on the *McDonnell Douglas* approach. The *Wilson* Court held at 34:

> [T]he committee which formulated the applicable standard jury instructions for employment discrimination declined to adopt the *McDonnell Douglas* model for its

instructions on the ground that it adds little to the jurors' understanding of the case and may lead to juror confusion. Michigan Standard Jury Instructions, 2d ed, p 17-5.

Although the *McDonnell Douglas* instructions may be appropriate in the proper case, there is no indication that they should have been given in lieu of or in addition to SJI2d 105.02-105.04. The standard jury instructions given correctly stated the law and did not mislead the jury. There was no need to give defendant's requested instruction.

In accordance with *Wilson*, we find no abuse of discretion in the trial court's decisions to give the standard jury instructions here and not to give plaintiff's proposed instruction, nor do we find that plaintiff suffered any prejudice from the instruction delivered by the court.

In Docket No. 167662, defendant claims that the trial court erroneously applied MCR 2.405 (offer of judgment rule) rather than MCR 2.403 (mediation rule) to defendant's request for costs and attorney fees and abused its discretion by denying defendant's request for attorney fees and a portion of its requested taxable costs. In September 1992, this matter mediated for $30,000. Plaintiff rejected the mediation evaluation, and defendant accepted it.[1] In March 1993, plaintiff made an offer of judgment in the amount of $125,000, and defendant counteroffered $30,000. The parties made the same offer and counteroffer in April 1993.[2] Following the judgment of

---

[1] Plaintiff disputes that defendant properly accepted the mediation. Even if it is assumed that defendant also rejected the mediation evaluation, it would be entitled to costs under MCR 2.403(O)(1) because the verdict was more favorable to defendant than the mediation evaluation.

[2] The lower court file contains no copies of defendant's counteroffers. However, in their briefs on appeal, both parties state that defendant responded to plaintiff's offers with counteroffers of $30,000.

no cause of action, defendant moved for costs of $9,184.97 and attorney fees of $36,861.50 under MCR 2.403(O). The trial court determined that the sanction provisions of MCR 2.405 applied rather than MCR 2.403(O). It noted that two counsel (one for the state and one for the county) represented defendant. It awarded the state's requested taxable costs of $5,860, but not the county's requested taxable costs. It awarded no attorney fees on the basis of the disparity of economic standing between the parties and the nonfrivolousness of plaintiff's case.

MCR 2.405(E) resolves the issue of which court rule applies. It states:

> In an action in which there has been both the rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer under this rule, the cost provisions of the rule under which the later rejection occurred control, except that if the same party would be entitled to costs under both rules costs may be recovered from the date of the earlier rejection.

Here, the "later rejection" was the rejection of the offer of judgment. Therefore, the cost provisions of MCR 2.405 control, not those of MCR 2.403. Because defendant would be entitled to costs under both rules, costs may be recovered from the date of the "earlier rejection"—here, the mediation. The trial court appropriately applied MCR 2.405 and awarded the taxable costs requested by the state (which were presumably from the date of plaintiff's rejection of the mediation evaluation). Accordingly, the remaining issues are whether the trial court erred in denying the county's request for taxable costs and the request for attorney fees.

MCR 2.405(D)(2) states:

> If the adjusted verdict is more favorable to the offeree than the average offer, the offeror *must* pay the offeree the offeree's actual costs incurred in the . . . defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs. [Emphasis added.]

Under this provision, plaintiff must pay defendant's actual costs incurred in defense of the action. MCR 2.405(A)(6) defines actual costs as "the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(D)(3) states:

> The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

We consider first the issue of taxable costs. "The power to tax costs is wholly statutory; costs are not recoverable where there is no statutory authority for awarding them." *Herrera v Levine*, 176 Mich App 350, 357; 439 NW2d 378 (1989). MCR 2.405(A)(6) directs courts to award costs that are "legitimate and reasonable." *Sanders v Monical Machinery Co*, 163 Mich App 689, 694; 415 NW2d 276 (1987). "It is inherent in the court's power to determine reasonableness." *Id.* See also *Herrera* at 357-358; *Giannetti Bros Construction Co v Pontiac*, 175 Mich App 442, 449-450; 438 NW2d 313 (1989). The commentary on MCR 2.405 states that the "interest of justice" exception does not authorize courts to refuse reimbursement of incurred costs, other than attorney fees, if the costs would normally be taxable under existing rules and statutes. 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 455.

Here, two counsel represented defendant and made requests for taxable costs. However, the trial court awarded only the requested taxable costs of the state counsel. The county counsel requested taxable costs of $3,324. The record indicates that $3,280 of this request related to expert witness fees. Expert witness fees are taxable under MCL 600.2164; MSA 27A.2164. The record does not indicate the trial court's basis for rejecting these fees or the remainder of the county's request for taxable costs, e.g., that they were unreasonably incurred or that they duplicated costs awarded to the state. We are therefore unable to determine whether the trial court abused its discretion in rejecting the county's request for taxable costs. We accordingly remand this matter to the trial court for further articulation of its basis for denying the county's request for taxable costs.

Finally, we turn to the issue of attorney fee awards under MCR 2.405. Difficulty regarding this issue results from the "interest of justice" provision of MCR 2.405(D)(3)—"The court may, in the interest of justice, refuse to award an attorney fee under this rule." The term "interest of justice" is not defined in the rule. We therefore look to the language and purpose of the rule to set the parameters of this term. MCR 2.405(D)(1) and (2) set forth a general rule that actual costs "must" be paid. MCR 2.405(D)(3) then sets forth an exception—that the court may refuse to award an attorney fee in the interest of justice. That this is an exception to a general rule guides interpretation of the "interest of justice" provision. The purpose of MCR 2.405 is "to encourage settlement and to deter protracted litigation." *Hamilton v Becker Orthopedic Appliance Co*, 214 Mich App 593, 596; 543 NW2d 60

(1995). In the context of this purpose and the fact that the "interest of justice" provision is an exception to a general rule, this Court has held that, "absent unusual circumstances," the "interest of justice" does not preclude an award of attorney fees under MCR 2.405. *Gudewicz v Matt's Catering, Inc*, 188 Mich App 639, 645; 470 NW2d 654 (1991). In *Butzer v Camelot Hall Convalescent Centre, Inc (After Remand)*, 201 Mich App 275, 278-279; 505 NW2d 862 (1993), this Court held:

> The better position is that a grant of fees under MCR 2.405 should be the rule rather than the exception. To conclude otherwise would be to expand the "interest of justice" exception to the point where it would render the rule ineffective. [Citations omitted.]

The *Hamilton* Court stated at 596:

> [W]hile the rule allows the trial court discretion to deny an award, "few situations will justify denying an award of costs under MCR 2.405 in the 'interest of justice.' " [Quoting 2 Martin, Dean & Webster, Michigan Court Rules Practice, authors' comment, 1995 Supp, p 157.]

With respect to a decision not to award attorney fees under MCR 2.405, the *Hamilton* Court held at 597 that "the trial court must articulate why the 'interest of justice' will be served in light of the role that MCR 2.405 was designed to serve in the administration of our judicial process under the Michigan Court Rules." It continued at 597:

> [I]n the absence of any articulated and compelling rationale, we believe that the interest of justice is served by awarding attorney fees and costs to vindicate the purpose of the rule, thereby increasing the prospect that parties seri-

ously will engage in the type of settlement process the rule
clearly contemplates.

We believe that the exceptional nature of the "inter-
est of justice" provision, the settlement-encouraging
purpose of MCR 2.405, and these precedents of the
Court set the broad parameters of the exception.
Attempts to give meaning to the term "interest of jus-
tice" must fit within these parameters. We are mindful
that this term is susceptible to broad readings that
would consume the general rule of awarding fees and
nullify MCR 2.405's purpose of encouraging settle-
ment. The term "is not the equivalent of a legal Ror-
schach test on to which each jurist may project his or
her individualized notion of justice." *Hamilton* at 596.
On the other hand, it would be inappropriate to read
the term so narrowly that the exception itself would
be effectively nullified.

Case law offers some guidance regarding factors
that do *not* fit within the "interest of justice" excep-
tion. This Court has specifically found that reasonable
refusal of an offer, alone, is insufficient to justify not
awarding attorney fees under MCR 2.405. *Butzer* at
278; *Gudewicz* at 645. Reasonable refusal of an offer
is an insufficient justification because it "runs con-
trary to the policy . . . which favors the award of
attorney    fees    absent    unusual    circumstances."
*Gudewicz* at 645. The reasonable refusal rationale,
standing alone, fails to fit within the "interest of jus-
tice" exception because frequently a party's refusal of
an offer of judgment may be viewed as "reasonable."
Factors such as this, that commonly obtain to offers
of judgment, standing alone, cannot serve to delineate
the "interest of justice" exception because they would

result in the exception consuming the general rule that attorney fees "must" be awarded.

The factors offered as rationales by the trial court for denying attorney fees also fit into this category. There is almost always some degree of disparity of economic standing between the parties. MCR 2.405's purpose of encouraging settlement will be undermined if the economic position of the parties is used to determine whether attorney fees will be awarded. Parties' economic standing should not determine whether they face the risk of costs and attorney fees in rejecting an offer of judgment; nor should parties be able to engage in litigation with governmental or larger corporate entities secure in the knowledge that they need not weigh the same considerations as parties suing entities that are less financially endowed. We note that MCR 2.405 does not "require the court to determine [a party's] relative ability to pay." *Sanders* at 693.

Similarly, we read the "interest of justice" exception to require something more than merely that the losing party's position was "not frivolous." Presumably, most cases proceeding to trial would satisfy this standard; otherwise they would have been the successful target of a motion for summary disposition, MCR 2.116, or a motion for sanctions for bringing a frivolous claim or defense, MCR 2.625(A)(2). Further, if it is insufficient to constitute an "interest of justice" exception that an offer of judgment has been refused on "reasonable" grounds, it hardly seems appropriate that a standard of "non-frivolousness" would govern an award of attorney fees following trial. Accordingly, disparity of income and nonfrivolousness of a party's claim are factors that, like reasonable refusal of an

offer, are too common to fit within the "interest of justice" exception.

Case law also offers some guidance regarding factors that *do* fit within the "interest of justice" exception. The "interest of justice" exception appears to be directed at remedying the possibility that parties might make offers of judgment for gamesmanship purposes, rather than as a sincere effort at negotiation.[3] This Court has noted that counsel might make a token offer of judgment after an unfavorable mediation evaluation to avoid mediation sanctions under MCR 2.403 or make a de minimus offer of judgment early in a case in the hopes of tacking attorney fees to costs if successful at trial. *Sanders* at 692. The *Sanders* Court held that there should be "some flexibility in order that a trial judge can prevent injustice both ways, but favoring the granting of such fees." *Id.* MCR 2.405's purpose of encouraging settlement is not furthered by awarding attorney fees when gamesmanship of this sort occurs. Therefore, evidence of such gamesmanship, e.g., as demonstrated by comparisons of offers to the mediation evaluation and jury verdict, constitutes a relevant factor in determining whether the exception applies. See *Nostrant v Chez Ami, Inc,* 207 Mich App 334, 340; 525 NW2d 470 (1994).

We also believe that a case involving a legal issue of first impression or a case involving an issue of public interest that should be litigated are examples of unusual circumstances in which it might be in the "interest of justice" not to award attorney fees under MCR 2.405. In his concurring opinion in *Nostrant,*

---

[3] The mediation sanction rule, MCR 2.403, has no "interest of justice" exception.

Judge HARRISON, at 343, suggested that the exception would apply

> where the law is unsettled and substantial damages are at issue, where a party is indigent and an issue merits decision by a trier of fact, or where the effect on third persons may be significant . . . .

The common thread in these examples is that there is a public interest in having an issue judicially decided rather than merely settled by the parties. In such cases, this public interest may override MCR 2.405's purpose of encouraging settlement. These examples involve unusual circumstances under which the "interest of justice" might justify an exception to the general rule that attorney fees are to be awarded. We recognize, of course, that the factors suggested here as relevant to the "interest of justice" exception are not exclusive. We offer them only as examples. Other circumstances, including misconduct on the part of the prevailing party, may also trigger this exception.

We apply this analysis of the "interest of justice" exception to the case at bar. Here, with respect to attorney fees, the trial court held:

> The attorney's fees in this case, I think exceed 20 or $30,000. I do not think it's in the interest of justice to award attorney's fees in cases of this kind where the prevailing party is a large institution with an economic ability to pay the attorneys that it employs. The contrary decision puts the ability of the parties to bargain, or to settle, or to make reasonable judgments about whether they want to go to trial, or not, in serious jeopardy.
>
> I do not think that Mr. Luidens' case was a frivolous case, . . . there were some interesting features, including the fact that on the day he was terminated one of the District judges in that court delivered to the other a letter that he not be

terminated. So I thought the case had some features which were meritorious, and that it was not an unreasonable decision to go to trial.

The trial court thus articulated the bases for its decision. However, neither the disparity of economic standing between the parties nor the nonfrivolousness of plaintiff's case is sufficient rationales to justify denial of attorney fees. As discussed above, these factors will obtain, to some degree, in most cases where an offer of judgment is rejected. They do not constitute "unusual circumstances" that justify denial of attorney fees under MCR 2.405. Nor do we find, in this instance, that the conjunction of these two factors, without more, constitutes a sufficiently "unusual circumstance" that justifies denial of attorney fees. We accordingly find that the trial court abused its discretion in denying an attorney fee award on the basis of these rationales.

For these reasons, we affirm the judgment and the award of costs to the state and reverse the order denying attorney fees under MCR 2.405. We remand this matter to the trial court for articulation of its basis for denying the county's requests for taxable costs and for reconsideration of its refusal to award attorney fees in accordance with this analysis of the "interest of justice" exception.