*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PANDEMONIUM, INC., and ASTRAL SPACE, LLC,

UNPUBLISHED
June 3, 2021

Plaintiffs-Appellants/Cross-Appellees,

v

No. 350526
Wayne Circuit Court
LC No. 18-012741-CB

NORTHCREST DEVELOPMENT, LLC, and CHAD T. MCCORMICK,

Defendants-Appellees/Cross-Appellants,

and

KEHRIG STEEL, INC., CHIMNEY CRICKET, INC., GREGORY A. SARKISIAN, doing business as SARK & ASSOCIATES, FORESTA ARCHITECTS, LLC, and BRIAN FORESTA,

Defendants-Appellees.

Before: RONAYNE KRAUSE, P.J., and RIORDAN and O'BRIEN, JJ.

RIORDAN, J. (*concurring in part and dissenting in part*).

I concur with the majority that the instant action is barred by res judicata. I respectfully dissent, however, from the majority's holding that the trial court did not abuse its discretion by denying defendants' request for $9,500 in attorney fees under MCR 2.405.[1]

---

[1] Although there are five other defendants in this case, I use the term "defendants" to refer only to cross-appellants Northcrest Development, LLC, and Chad T. McCormick.

-1-

The issue here concerns the "interest of justice" exception to an otherwise-mandatory award of actual costs under MCR 2.405(D). That exception provides that "[t]he court may, in the interest of justice, refuse to award an attorney fee under this rule." MCR 2.405(D)(3). In my view, none of the reasons identified by the trial court and the majority justify its invocation.

The notion that defendants submitted their $10,000 offer[2] to plaintiffs in order to eventually recover attorney fees under MCR 2.405 is quite unlikely. As the majority acknowledges, defendants' res judicata argument had obvious "strength" and was easily apparent mere days after plaintiffs filed their complaint. Defendants apprised plaintiffs of that argument through their motion for summary disposition and subsequently offered to settle the case for a fairly minimal amount of money. Thus, if plaintiffs simply had recognized that their case was fatally flawed—as defendants had every reason to expect—plaintiffs could have accepted the offer, thereby depriving defendants of both the $10,000 offer itself and an opportunity for any attorney fees under MCR 2.405. In other words, the most likely outcome from defendants' vantagepoint, assuming that plaintiffs were realistic about the case, was that the case would be settled, they would have received $10,000 from defendants, and defendants would have received nothing from the trial court in the form of attorney fees and costs.

The majority concludes otherwise, reasoning that "given the strength of [defendants'] position regarding res judicata and the timing of the offers of judgment, we do not think it unwarranted to conclude that [defendants] had simply 'tacked on' a paltry offer of judgment for the sole purpose of eventually recovering attorney fees rather than out of a sincere interest in settling the matter." Respectfully, the majority's reasoning undermines the very purpose of MCR 2.405, which is to encourage settlement. See *Sanders v Monical Machinery Co*, 163 Mich App 689, 691-693; 415 NW2d 276 (1987). If a party is correctly convinced that it will ultimately prevail in litigation, and incur zero dollars in liability, as were defendants in this matter, then it certainly will not offer a *high* settlement to the opposing party because doing so clearly would be a waste of client resources. But, under the majority's reasoning, if a party offers a relatively *low* settlement amount to an opposing party, and the opposing party demands, completely in error, a significant damages amount, this false scenario should be used as the basis for denying the prevailing party attorney fees under MCR 2.405(D)(3). As such, with the procedural and litigation settlement history of the matter before us, the trial court's reliance upon the amount of, and timing of, defendants' settlement offer, relative to the total damages plaintiffs claim they sustained, were entirely irrelevant considerations. For the trial court to rely upon this was an abuse of its discretion. See *Hamilton v Becker Orthopedic Appliance Co*, 214 Mich App 593, 597; 543 NW2d 60 (1995) ("[I]n the absence of any articulated and compelling rationale, we believe that the interest of justice is served by awarding attorney fees and costs to vindicate the purpose of the rule, thereby increasing the prospect that parties seriously will engage in the type of settlement process the rule clearly contemplates.").

---

[2] The respective offers of judgment in the record indicate that defendant Northcrest offered plaintiffs a total of $7,500, and defendant McCormick offered plaintiffs a total of $2,500. Thus, the total settlement offer was for $10,000.

Further, under the majority's analysis, a party that is overwhelmingly likely to prevail in a meritless lawsuit brought against it, has no significant motivation to submit an offer of settlement, as is encouraged by MCR 2.405, because the offer, as the majority reasons, should be rejected as disingenuous if it is not based proportionally upon the amount of damages demanded, even if the claim pursuant to which those damages are sought is meritless.[3] In other words, an award of attorney fees under MCR 2.405 serves as an incentive to submit an offer of settlement by a party that is likely to prevail, as well as an incentive to accept that offer by a party that is unlikely to prevail. The majority's analysis would destroy the former incentive in most cases because any rational offer of settlement will be deemed too disproportionately low to avoid invocation of the "interest of justice" exception.

Accordingly, I conclude that the trial court abused its discretion because it did not articulate a compelling reason to refuse to award attorney fees under MCR 2.405. See *Hamilton*, 214 Mich App at 597. Therefore, I respectfully dissent from that part of the majority's holding.


/s/ Michael J. Riordan

---

[3] I acknowledge that awardable "actual costs" under MCR 2.405 include "costs and fees taxable in a civil action." MCR 2.405(A)(6). But I suspect that the amount of attorney fees incurred will, in the typical case, greatly overshadow such other costs and fees.