*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EMIL RAMIREZ,

       Plaintiff-Appellee,

v

HOME-OWNERS INSURANCE COMPANY,

       Defendant-Appellant,

and

TERESA M. BOADWAY,

       Defendant.

UNPUBLISHED
February 10, 2022

No. 350884
Grand Traverse Circuit Court
LC No. 2018-034466-NF

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Defendant-appellant, Home-Owner's Insurance Company, appeals by right the trial court's order granting plaintiff's motion for taxable costs and no-fault attorney fees, and awarding plaintiff $70,508.62 in taxable costs, fees, and interest. The same order also denied defendant's motions for remittitur and attorney fees. The order was entered following a jury trial at which the jury awarded plaintiff $55,279.79 in overdue personal injury protection (PIP) benefits and interest. For the reasons discussed below, we vacate the trial court's order in part and remand the case with instructions that the trial court give further consideration regarding the reasonable factors governing awards of attorney fees.

## I. BASIC FACTS

In September 2017, plaintiff was involved in a single-car accident when he lost control of his vehicle on a rainy day and struck a pole. Thereafter, plaintiff suffered from severe headaches, short-term memory loss, difficulty multitasking, and other cognitive issues. Plaintiff sought personal injury protection (PIP) benefits, including wage loss, attendant care, household services, medical care, and other benefits, from defendant, his automobile insurance provider. Defendant

-1-

paid some benefits before suspending payments in December 2017 while investigating whether plaintiff's medical conditions arose from the September 2017 accident. Plaintiff's first independent medical evaluation in February 2018 suggested that plaintiff required attendant care and was unable to return to work without treatment and further testing. However, the evaluator did not reach a conclusion regarding the causation of plaintiff's injuries. Thereafter, defendant required a second independent medical evaluation, and in August 2018 the second evaluator opined that plaintiff's injuries did not arise from the automobile accident. Defendant stopped providing benefits, and plaintiff sought relief from the trial court.

Prior to trial, defendant made an offer of judgment, suggesting a $35,000 settlement. Plaintiff did not respond. Following a three-day jury trial, the jury awarded $55,279.79 in overdue PIP benefits and interest. This amount was less than the sum sought by plaintiff. Defendant filed a motion for remittitur and a second motion for attorney fees. Plaintiff also filed a motion for attorney fees and costs. Following a hearing on the matter, the trial court awarded plaintiff the full amount of his attorney fees and taxable costs and denied defendant's motions. Defendant appeals this order.

## II. STANDARDS OF REVIEW

Generally, this Court reviews the interpretation of statutes and court rules de novo. *Simcor Constr, Inc v Trupp*, 322 Mich App 508, 513-514; 912 NW2d 216 (2018). This Court also reviews the interpretation and application of the offer-of-judgment rule de novo. *Id*. at 514.

> When interpreting unambiguous statutory language, the statute must be enforced as written. No further judicial construction is required or permitted. Our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. We must examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. In doing so, we consider the entire text, in view of its structure and of the physical and logical relation of its many parts. [*Ally Fin, Inc v State Treasurer*, 502 Mich 484, 493; 918 NW2d 662 (2018) (cleaned up).]

Further, the trial court's factual determination regarding whether an insurance company acted reasonably with regard to paying no-fault benefits "involves a mixed question of law and fact. What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact." *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008) (cleaned up). Findings of fact are reviewed for clear error. *Id*. The trial court clearly errs when this Court is left with a definite and firm conviction that the trial court made a mistake. *Id*.

Additionally, when attorney fees are authorized, this Court reviews the trial court's award of attorney fees for an abuse of discretion. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). The court abuses its discretion when its determination of attorney fees falls outside the range of reasonable and principled outcomes, or it errs in its application of the law. *Id*.

## III. ATTORNEY FEES

Defendant argues that the evidence at trial does not support the trial court's conclusion that defendant wrongfully denied plaintiff's no-fault benefits, thereby rendering plaintiff eligible for attorney fees under MCL 500.3148. Defendant also argues that the trial court's award of attorney fees and costs to plaintiff under MCL 500.3148 was erroneous because plaintiff failed to file a counteroffer to defendant's offer of judgment under MCR 2.405. Defendant asserts that by failing to file a response or counteroffer, plaintiff became ineligible to recover "actual costs," which is defined to include taxable costs and reasonable attorney fees. We disagree.

"[A]ttorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Pirgu*, 499 Mich at 274-275 (cleaned up); see MCL 600.2405(6). "The no-fault act provides for an award of reasonable attorney fees when an insurer unreasonably withholds benefits." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 456; 814 NW2d 670 (2012). At the time of trial, MCL 500.3148(1), as enacted by 1972 PA 294, stated in relevant part:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

"The purpose of the no-fault act's attorney-fee penalty provision is to ensure prompt payment to the insured." *Ross v. Auto Club Group*, 481 Mich 1, 11, 748 NW 2d 552 (2008). In *Moore*, our Supreme Court held that MCL 500.3148(1) "establishes two prerequisites for the award of attorney fees." *Moore*, 482 Mich at 517. First, the benefits must be overdue as contemplated by MCL 500.3142(2), which means they were "not paid within 30 days after the insurer receives reasonable proof of the fact and of the amount of loss sustained." *Id*. (cleaned up). Secondly, the trial court must determine if the insurer " 'unreasonably refused to pay the claim or unreasonably delayed in making proper payment.' " *Moore*, 482 Mich at 517, quoting MCL 500.3148(1). "When benefits initially denied or delayed are later determined to be payable, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay." *Bronson Methodist Hosp*, 295 Mich App at 457 (cleaned up). "However, a refusal to pay or a delay in payment is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty. The determinative factor is not whether the insurer ultimately is held responsible for benefits, but whether its initial refusal to pay was unreasonable." *Id*. (cleaned up).

Defendant contends that there was bona fide factual uncertainty regarding whether PIP benefits were properly owed and that its decision to refuse payment was reasonable because the decision was supported by the independent medical evaluator's opinions. "[A]n insurer may reasonably rely on the medical opinion of its physicians and the [independent medical evaluations (IMEs)] the physicians perform . . . ." *Tinnin v Farmers Ins Exch*, 287 Mich App 511, 516; 791 NW2d 747 (2010). No-fault insurers do not have a duty "to 'go beyond' the medical opinion of their physicians and the IMEs that those physicians perform." *Moore*, 482 Mich at 522. However, as noted by the trial court, in this case, defendant ceased making payments before it had received

a medical opinion that supported a conclusion that the benefits were "unrelated, unnecessary[,] or unreasonable." The record indicates that defendant made the decision to "pend" payments in December 2017. Thereafter, plaintiff attended an independent medical exam, arranged by defendant, with Dr. Donald Boyd in February 2018. Despite Dr. Boyd's findings that plaintiff was injured and required treatment and attendant care and should not return to work until his testing improved, defendant denied and continued to delay paying bills associated with plaintiff's injuries. Subsequently, defendant sent plaintiff to a second independent medical examination with Dr. Eduardo Montoya, who ultimately determined that plaintiff's cognitive impairments did not arise out of the motor vehicle accident. At that point, defendant terminated all benefits. However, both the jury and the trial court concluded that the claims were overdue. Given that defendant failed to make timely payments and thereafter had no intention to pay the claims submitted, we agree with the trial court's assessment that the benefits were unreasonably denied or delayed. On that basis, we agree with the trial court's assessment that MCL 500.3148(1) would support an award of attorney fees.

## A. THE OFFER OF JUDGMENT RULE AND MCL 500.3148(1)

Defendant also argues that plaintiff is not entitled to attorney fees under MCL 500.3148(1) because plaintiff failed to respond to defendant's offer under MCR 2.405.

MCR 2.405 governs offers to stipulate to entry of judgment and addresses the issue of costs following the rejection of an offer to stipulate to the entry of a judgment. MCR 2.405(D).[1] This is known as the "offer of judgment rule." *Simcor Constr*, 322 Mich App at 514. "The purpose of MCR 2.405 is to encourage settlement and to deter protracted litigation." *Luidens v 63rd Dist Court*, 219 Mich App 24, 31; 555 NW2d 709 (1996) (cleaned up). According to MCR 2.405(C)(2), "[a]n offer is rejected if the offeree (a) expressly rejects it in writing, or (b) does not accept it as provided by subrule (C)(1)." MCR 2.405(C)(1) spells out the method of acceptance. Moreover, MCR 2.405(D) addresses the issue of costs following the rejection of an offer and states:

> If an offer is rejected, costs are payable as follows:
>
> (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.
>
> (2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs unless the offer was made less than 42 days before trial.

---

[1] MCR 2.405(A)(6) was recently amended December 2, 2021, effective January 1, 2022, 507 Mich ___ (2022).

-4-

(3) The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule. [MCR 2.405(A)(6), as amended October 2, 2013, 495 Mich clxxxix (2014).]

MCR 2.405(A)(3) defines an "average offer" as "the sum of an offer and a counteroffer, divided by two. If no counteroffer is made, the offer shall be used as the average offer." Moreover, the previous version of the court rule, which was applicable to this dispute, defined "actual costs" as "the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6), as amended October 2, 2013, 495 Mich clxxxix (2014).[2] In other words, MCR 2.405 concerns itself with the taxable costs and attorney fees incurred after an offer or counteroffer is rejected. MCR 2.405(A)(6).

In this case, defendant filed an offer of judgment in the amount of $35,000 on February 21, 2019. Plaintiff's failure to respond to the offer constituted a rejection of the offer. MCR 2.405(C)(2)(b). Trial began on May 14, 2019, thereby establishing that defendant's offer was made more than 42 days before trial. MCR 2.405 (D)(2). Therefore, even though the jury's award of $55,279.79 was more favorable than the original offer, plaintiff's failure to make a counteroffer effectively barred his ability to recover actual costs under the offer of judgment rule. MCR 2.405(D)(2).

However, both the Michigan court rules and statute provide a method for the trial court to award attorney fees and costs for litigation.[3] MCL 600.2405(6) specifically provides that attorney fees "may be taxed and awarded as costs" when "authorized by statute *or* by court rule." (Emphasis added). Generally, "the disjunctive term 'or' refers to a choice or alternative between two or more things . . . ." *AFSCME Council 25 v Wayne Co*, 292 Mich App 68, 92-93; 811 NW2d 4, 18 (2011).

Our Supreme Court has recognized that attorney fees and costs may be awardable under a court rule or a statute. See *Rafferty v Markovitz*, 461 Mich 265; 602 NW2d 367 (1999); *McAuley v Gen Motors Corp*, 457 Mich 513, 521-522; 578 NW2d 282 (1998), overruled in part by *Rafferty*, 461 Mich at 273 n 6 (repudiating the dicta in *McAuley* "that left open the possibility of recovering attorney fees under both a court rule and a statute where each attorney-fee provision serves an independent purpose."). In *Rafferty*, 461 Mich at 267-268, the trial court awarded the plaintiff attorney fees under both the Civil Rights Act, MCL 37.2101 *et seq.*; MCL 37.2802, and the mediation sanction court rule, MCR 2.403(O). This Court affirmed the trial court's award on the basis of *Howard v Canteen Corp*, 192 Mich App 427; 481 NW2d 718 (1991), overruled by *Rafferty*, 461 Mich at 273 n 6. *Rafferty*, 461 Mich at 268. Our Supreme Court overruled *Howard* and reserved, reiterating that a party is not entitled to double recovery of attorney fees under a

---

[2] MCR 2.405(A)(6) now defines "actual costs" as "the costs and fees taxable in a civil action and a reasonable attorney fee, dating to the rejection of the prevailing party's last offer or counteroffer, for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6) as amended December 2, 2021, effective January 1, 2022, 507 Mich ___ (2022).

[3] However, we note that "double recovery" under both a court rule and statute is not permissible. See *Rafferty v Markovitz*, 461 Mich 265, 273 n 6; 602 NW2d 367 (1999).

court rule *and* statute. *Id*. at 271-272, 273 n 6. Our Supreme Court explained that because the plaintiff had been fully compensated for her reasonable attorney fees under the Civil Rights Act, which authorized "an award of reasonable attorney fees as part of the costs of litigating a civil rights complaint," the plaintiff "had no remaining 'actual costs' for which she could claim compensation under the mediation court rule." *Id*. at 272. Accordingly, the plaintiff could not recover "an amount in excess of a reasonable attorney fee." *Id*.

Applying those same principles to the instant case, although plaintiff may not have been entitled to costs and fees under the offer of judgment rule, MCR 2.405, MCL 500.3148(1) specifically provides an alternative basis for an award of attorney fees in this no-fault case. See MCL 600.2405(6) (providing that attorney fees "may be taxed and awarded as costs" when "authorized by statute or by court rule.").

Other provisions of MCR 2.405(D) also support our conclusion that a party may be fully compensated for attorney fees under either a statute or a court rule. When interpreting a court rule

> [t]he intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole. When interpreting a court rule or statute, we must be mindful of "the surrounding body of law into which the provision must be integrated." [*Haliw v Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005) (cleaned up).]

Provisions of a statute or court rule must be read in the context of the entire statute or rule and "the words and phrases used there must be assigned such meanings as are in harmony with the whole of the statute [or court rule]." *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003). The prior version of MCR 2.405(D) provided, in relevant part:

> (3) The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under *this rule*.
>
> * * *
>
> (5) Proceedings under *this rule* do not affect a contract or relationship between a party and his or her attorney.
>
> (6) A request for costs under *this subrule* must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion . . . . [MCR 2.405(A)(6), as amended October 2, 2013, 495 Mich clxxxix (2014) (emphasis added).]

The inclusion of "this rule" suggests that the application of Subdivision (D) applies only to the court rule itself. *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008) ("An undefined statutory term must be accorded its plain and ordinary meaning."). The court rule's definition of "actual costs" further supports our conclusion that plaintiff is entitled to attorney fees under MCL 500.3148, notwithstanding MCR 2.405. As indicated, the prior version of MCR 2.405(A)(1)(6) defined "actual costs" as "the costs and fees taxable in a civil action and a reasonable attorney fee for services *necessitated by the failure to stipulate* to the entry of judgment." MCR 2.405(A)(6), as amended October 2, 2013, 495 Mich clxxxix (2014) (emphasis

added).  However, MCL 500.3148 established a statutory entitlement to reasonable attorney fees "for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue."  MCL 500.3148(1).  Similar to *Rafferty*, the attorney fees awardable under MCL 500.3138(1) are an alternative basis to recovering actual costs for "services *necessitated by the failure to stipulate* to the entry of judgment" under MCR 2.405.  See *Rafferty*, 461 Mich at 267-268; *McAuley*, 457 Mich at 519, 522-523.  Additionally, it would defeat the purpose of the no-fault act's attorney-fee penalty provision, established to "ensure prompt payment to the insured," *Ross*, 481 Mich at 11, were this Court to hold that MCR 2.405(D) bars an award of attorney fees under MCL 500.3148(1).  See *McAuley*, 457 Mich at 518 ("Statutes should be construed so as to prevent absurd results, injustice, or prejudice to the public interest."); see also *Pike v Northern Michigan Univ*, 327 Mich App 683, 693; 935 NW2d 86 (2019) ("[I]s a well-established rule of statutory construction that when two applicable statutory provisions conflict, the one that is more specific to the subject matter prevails over the provision that is only generally applicable.").  Therefore, although plaintiff was barred for recovering attorney fees under MCR 2.405, plaintiff is not barred from recovering attorney fees to which he is entitled to under MCL 500.3148(1).  See MCL 600.2405(6).  Accordingly, the trial court did not err by concluding that plaintiff was entitled to attorney fees under MCL 500.3148(1).

## B.  REASONABLENESS OF ATTORNEY FEES

Defendant also argues that the trial court erred by awarding attorney fees without considering all the required factors.  We agree.

In *Pirgu*, our Supreme Court defined a three-step process by which a trial court is to determine a reasonable attorney fee for purposes of MCL 500.3148(1).  *Pirgu*, 499 Mich at 281.  The Court explained that

> a trial court must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services.  The trial court must then multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure.  Thereafter, the trial court must consider *all* of the remaining *Wood*[4] and MRPC 1.5(a) factors to determine whether an up or down adjustment is appropriate.  [*Id*. (cleaned up).]

The Court summarized those eight factors as follows:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

> (3) the amount in question and the results obtained,

---

[4] *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982).

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent.  [*Id*. at 282.]

This list of factors is not exclusive.  *Id*.  "[A]ctual fees charged are not necessarily reasonable fees."  *Vittiglio v Vittiglio*, 297 Mich App 391, 410; 824 NW2d 591 (2012).  The burden of proving the reasonableness of the fees is on the party requesting them.  *Id*. at 409.  To allow for meaningful appellate review, the trial court "should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors."  *Pirgu*, 499 Mich at 282.

In this case, the trial court's only statement regarding reasonableness of the fees requested was a single sentence within the written opinion that suggested that an application of the *Wood* factors demonstrated that the attorney fees requested by plaintiff were reasonable.  However, there is no indication of how this conclusion was reached and no discussion, brief or otherwise, about how the trial court viewed each factor.  Therefore, the record before us is insufficient to facilitate review of this issue and remand is necessary so that the trial court can properly address the relevant factors.  See *Pirgu*, 499 Mich at 282.

Lastly, defendant argues that the trial court did not make any effort to apportion plaintiff's attorney fees or explain why it was declining to do so.  Defendant posits that because plaintiff did not recover the full amount of PIP benefits he sought from the jury, the trial court erred in awarding plaintiff's fees in whole.  As noted above, the trial court erred in awarding the entirety of plaintiff's fees.  Nonetheless, our review of the trial court's opinion also suggests that the trial court did not appear to question which portions of plaintiff's attorney fees were recoverable under MCL 500.3148(1).

This Court has held that in determining an award of attorney fees, "the court is to include all attorney time that was relevant to recovery of the overdue benefit, even if that time was also relevant to other aspects of the case."  *Komendat v Gifford*, 334 Mich App 138, 158; 964 NW2d 75 (2020).  Further, "[a]ttorney time that was related only to other aspects of the action, and did not bear on the benefits unreasonably withheld, should be excluded from the baseline."  *Id*.  "Any further limitation on the baseline number of hours would be difficult to square with *Pirgu*, the statute, or with the principle that the no-fault act's provisions should be liberally construed in favor of the intended beneficiaries."  *Id*.

Accordingly, we vacate the trial court's order to the extent that it awards plaintiff costs and attorney fees and remand the case to the trial court to address the relevant factors in determining the reasonableness of the attorney fees requested by plaintiff. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Michelle M. Rick