# STATE OF MICHIGANS

# COURT OF APPEALS

SIMCOR CONSTRUCTION, INC,

        Plaintiff-Appellee,

v

CARL J TRUPP III and JENNIFER M. TRUPP,

        Defendants-Appellants.

FOR PUBLICATION
January 9, 2018
9:05 a.m.

No. 333383
Oakland Circuit Court
LC No. 2016-151468-AV

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

CAMERON, P.J.

Defendants, Carl J. Trupp III and Jennifer M. Trupp, appeal by leave granted the circuit court's May 26, 2016 order affirming the district court's January 22, 2016 order denying their motion for offer of judgment sanctions against plaintiff, Simcor Construction, Inc. We reverse and remand.

## I. BACKGROUND

This case arises out of plaintiff's breach of contract claim against defendants, which originated in district court. Pursuant to a contractual provision, the district court ordered the parties to arbitration on September 18, 2014. Defendant made an offer of judgment in favor of plaintiff for $2,200 on November 6, 2014. Plaintiff rejected the offer and made a counteroffer of judgment for $9,383.39. The parties did not reach a settlement, the case went to arbitration, and the arbitrator dismissed plaintiff's claim "with prejudice and without costs."

On February 17, 2015, the district court denied plaintiff's motion to vacate the arbitration award, confirmed the arbitration award in favor of defendants, and entered "a Judgment of No Cause of Action" that was "in favor of Defendants and against Plaintiff." On March 9, 2015, the district court denied defendants' motion for offer of judgment costs and attorney fees under MCR 2.405. On June 8, 2015, the circuit court affirmed the district court's denial of plaintiff's motion to vacate the arbitration award.[1] On October 7, 2015, the circuit court held a hearing on

---

[1] Plaintiff filed an application for leave to appeal on August 10, 2015, to appeal the circuit court's affirmance of the district court's denial of plaintiff's motion to vacate the arbitration award. This Court denied plaintiff's application for leave to appeal on February 4, 2016. *Simcor*

defendants' appeal of the district court's denial of their motion for offer of judgment costs. The circuit court remanded the case to the district court to allow it the opportunity to more thoroughly explain its reasoning under MCR 2.405(D) regarding the "interest of justice" exception.

On remand, the district court granted costs to defendants under MCR 2.405(D). On January 22, 2016, the district court held a hearing on plaintiff's motion for reconsideration. After some confusion as to the scope of the remand from the circuit court,[2] the district court changed course and entered an order concluding that MCR 2.405(D) did not apply, relying heavily on *Kequam ex rel Macklam v Lakes States Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued April 11, 1997 (Docket No. 189433), p 1, and held that the confirmation of the arbitration award did not constitute a "verdict" under MCR 2.405(A)(4). The circuit court affirmed the district court's order, concluding that the confirmation of an arbitration award does not constitute a "verdict" within the meaning of MCR 2.405(A)(4) because a court that confirms the arbitration award is essentially acting in an appellate capacity and not rendering a "verdict." Defendants filed leave to appeal the circuit court's order affirming the district court's order. On appeal, defendants argue that the circuit court erred when it affirmed the district court's order denying defendants' motion for offer of judgment sanctions. First, defendants claim that they are entitled to offer of judgment costs because the district court's judgment confirming the arbitration award constitutes a "verdict" under MCR 2.405(A)(4)(c). Second, defendants claim that if offer of judgment costs apply, plaintiff cannot prove an "interest of justice" exception that would nonetheless prevent the imposition of costs.

## II. STANDARD OF REVIEW

Generally, this Court reviews de novo "[t]he interpretation of statutes and court rules." *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008), citing *Cardinal Mooney High Sch v Michigan High Sch Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991). Additionally, this Court reviews "de novo the interpretation and application of the offer of judgment rule." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 297; 769 NW2d 234 (2009), citing *Castillo v Exclusive Builders, Inc*, 273 Mich App 489, 492; 733 NW2d 62 (2007). We review "for an abuse of discretion the trial court's decision regarding whether to refuse to award attorney fees under the interest-of-justice exception." *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 516; 844 NW2d 470 (2014) (citations omitted). "An abuse of discretion occurs 'when the trial court's decision is outside the range of reasonable and principled outcomes.' " *Id*. at 517, quoting *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

---

*Constr, Inc v Trupp*, unpublished order of the Court of Appeals, entered February 4, 2016 (Docket No. 328731).

[2] There was confusion at the district court's hearing on the motion for reconsideration as to whether the district court was to address the applicability of MCR 2.405, or if the circuit court had already ruled on that and the only question was whether an "interest of justice" exception applied under MCR 2.405(D)(3).

III. ANALYSIS

Defendants first claim that MCR 2.405 applies to the district court's confirmation of the arbitration award, and therefore, offer of judgment costs are merited. We agree.

"Generally, the rules governing statutory interpretation apply equally to the interpretation of court rules. If the plain meaning of the language of the court rule is clear, then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used." *Castillo*, 273 Mich App at 492 (citations and quotation marks omitted).

"MCR 2.405(D) provides for the imposition of costs following the rejection of an offer to stipulate the entry of a judgment[.]" *Castillo*, 273 Mich App at 491, citing MCR 2.405(D). This is known as "the offer of judgment rule." *Froling Trust*, 283 Mich App at 297. "The purpose of MCR 2.405 is 'to encourage settlement and to deter protracted litigation.' " *Luidens v 63rd Dist Court*, 219 Mich App 24, 31; 555 NW2d 709 (1996), citing *Hamilton v Becker Orthopedic Appliance Co*, 214 Mich App 593, 596; 543 NW2d 60 (1995). MCR 2.405(D)(1) provides, in relevant part:

> **(D) Imposition of Costs Following Rejection of Offer.** If an offer is rejected, costs are payable as follows:
>
> (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

As stated by this Court, MCR 2.405(A)(4) previously provided that "the term 'verdict' " was "defined as 'the award rendered by a jury or by the court sitting without a jury, excluding all costs and interest.' " *Parkhurst Homes, Inc v McLaughlin*, 187 Mich App 357, 362; 466 NW2d 404 (1991), citing former MCR 2.405(A)(4), effective March 1, 1985. MCR 2.405(A)(4)[3] has since been amended and currently states:

> (4) "Verdict" includes,
>
>> (a) a jury verdict,
>>
>> (b) a judgment by the court after a nonjury trial,
>>
>> (c) a judgment entered as a result of a ruling on a motion after rejection of the offer of judgment.

---

[3] The current version of MCR 2.405(A)(4) came into effect on October 1, 1997. See 454 Mich cxxii, cxxxiv (1997).

Plaintiffs argue that MCR 2.405 does not apply to arbitration disputes, such as this case, because the district court's judgment confirming the arbitration award is not a "verdict" under MCR 2.405(A)(4)(c). Determining whether MCR 2.405 applies to the district court's confirmation of the arbitration award is a two-step analysis. First, we must address whether the district court's judgment confirming the arbitration award is a "judgment" under MCR 2.405, and if it is, then we must address whether the judgment was "entered as a result of a ruling on a motion after rejection of the offer of judgment." MCR 2.405(A)(4)(c). We conclude that defendants have met both requirements.

To first determine whether the judgment confirming the arbitration award falls within the provisions of MCR 2.405(A)(4), we examine the relevant arbitration provisions. MCL 691.1702 of the Uniform Arbitration Act states:

> Sec. 22. After a party to an arbitration proceeding receives notice of an award, the party may move the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected under section 20 or 24 or is vacated under section 23.

MCR 3.602(J)(5) provides: "If the motion to vacate is denied and there is no motion to modify or correct the award pending, the court shall confirm the award." As to judgments relating to arbitration, MCR 3.602(L) states:

> **(L) Judgment.** The court shall render judgment giving effect to the award as corrected, confirmed, or modified. The judgment has the same force and effect, and may be enforced in the same manner, as other judgments.

Plaintiff contends that the district court's ruling was correct because both MCR 3.602 and MCL 691.1702 do not expressly refer to MCR 2.405, and therefore, MCR 2.405 is inapplicable to judgments confirming arbitration awards. This argument lacks merit. Under MCR 3.602(L), judgments confirming arbitration awards carry "the same force and effect . . . as other judgments" and "may be enforced in the same manner." MCR 3.602(L). Under MCR 2.405(A)(4)(c), a verdict is "a *judgment* entered as a result of a ruling on a motion after rejection of the offer of judgment." (Emphasis added.) There is nothing that excludes judgments confirming arbitration awards from the provisions of MCR 2.405, and we see no reason to do so in light of MCR 3.602(L).[4] The only restriction under MCR 2.405 is stated in section (E): "Costs may not be awarded under this rule in a case that has been submitted to case evaluation under MCR 2.403 unless the case evaluation award was not unanimous." Thus, only unanimous case evaluations are outside the scope of MCR 2.405 because MCR 2.403 governs such cases. The

---

[4] The circuit court erred when it held that the district court's confirmation of the arbitration award was not a "verdict" because it was acting as an appellate court in the arbitration proceedings and not entering a judgment applicable under MCR 2.405. MCR 3.602(L) expressly states that a judgment confirming an arbitration award has the same force and effect as any other judgment, and we conclude that a judgment, as described under MCR 3.602(L), falls within the provisions of MCR 2.405.

drafters could have excluded from MCR 2.405 judgments confirming arbitration awards, yet no such provision exists. The plain language in MCR 3.602, MCL 691.1702, and MCR 2.405 is clear, and we need not look further to reach this result.

Because we find that the district court's judgment confirming the arbitration award constitutes a "judgment" under MCR 2.405(A)(4)(c), the next question is whether the judgment was "entered as a result of a ruling on a motion after rejection of the offer of judgment." MCR 2.405(A)(4)(c). There is no dispute on appeal that plaintiff rejected defendants' offer of judgment, or that the district court denied plaintiff's motion to vacate the arbitration award, confirmed the arbitration award in favor of defendants, and entered a judgment "in favor of [d]efendants and against [p]laintiff." After plaintiff rejected defendants' offer of judgment, the district court entered a judgment in favor of defendants "as a result of" its ruling on plaintiff's motion to vacate the arbitration award, thereby satisfying the second requirement under MCR 2.405(A)(4)(c), i.e., that the judgment be entered as a result of a ruling on a motion after rejection of the offer of judgment.

We find instructive the Michigan Supreme Court's holding in *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 342; 852 NW2d 22 (2014). In *Acorn*, the Court analyzed the availability of case evaluation sanctions under MCR 2.403(O)(1) and (O)(2), which defines "verdict" as "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." *Acorn*, 495 Mich at 350. The definition of "verdict" provided by MCR 2.403(O)(2)(c) is nearly identical to the definition of verdict provided by MCR 2.405(A)(4)(c), with the exception of the last portion of each rule referring respectively to a case evaluation or an offer of judgment. In *Acorn*, the Michigan Supreme Court first inserted the definition of the term "verdict" as defined by MCR 2.403(O)(2)(c) into the language of MCR 2.403(O)(1), which resulted in the following rule:

> If a party has rejected an evaluation and the action proceeds to *a judgment entered as a result of a ruling on a motion after rejection of the case evaluation*, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. [*Acorn*, 495 Mich at 350.]

While *Acorn* concerned case evaluations and the interpretation of MCR 2.403(O)(2)(c), we find its analysis persuasive considering the definitions of "verdict" found in MCR 2.403(O)(2)(c) and MCR 2.405(A)(4)(c) are virtually identical. In *Acorn*, the Court held that a motion for entry of judgment of an appraisal panel's award satisfied the definition of verdict under MCR 2.403(O)(2)(c) because it was the "the court, not the appraisal panel, that made the final determination of the parties' rights and obligations." *Acorn*, 495 Mich at 351. The Court explained that the trial court "would still have had matters to attend to, including awarding interest under MCL 500.2006 for [the] defendant's failure to pay in a timely fashion." *Id*. at 351-352.

In this case, it was the district court, not the arbitrator, that made the final determination of whether to confirm, correct, modify, or vacate the arbitration award. See MCL 691.1702. The district court still had to determine whether it should modify or correct the award under MCL 691.1700 and MCL 691.1704, or to vacate the award entirely under MCL 691.1703. Because the court had the final determination as to the arbitration award, the judgment

constitutes a verdict. Thus, we hold that if a party rejects an offer of judgment, an arbitrator enters an arbitration award, and a judgment is entered as a result of a ruling on a motion to vacate the arbitration award, then the rejecting party must pay the opposing party's actual costs unless the judgment affecting the arbitration award is more favorable to the rejecting party than the offer of judgment. Plaintiff rejected defendants' offer of judgment in the amount of $2,200. At the arbitration, the arbitrator dismissed the case, finding no cause of action. The district court confirmed the arbitrator's decision, which was an outcome less favorable to the rejecting party. Therefore, the district court's judgment falls within the plain meaning of "verdict," as defined by MCR 2.405(A)(4)(c), and the circumstances in this case mandate the award of offer of judgment costs to defendants.

We note that the district court denied defendants' motion for offer of judgment costs because "[t]he arbitrator specifically did not grant any costs or attorney fees to either party." Additionally, plaintiff argues that the arbitrator ruled that "[a]ll claims not expressly granted herein are hereby denied," and therefore, allowing the district court to impose costs contravenes the arbitrator's award. Under MCR 2.405(D)(1), "costs are payable" if "the adjusted verdict is more favorable to the offeror than the average offer[.]" Until the arbitration award was confirmed by the district court, there was no "verdict," and the issue of offer of judgment costs was not before the arbitrator. Plaintiff also fails to acknowledge that the arbitrator ruled that "[t]his Award is in full settlement of all claims submitted *to this Arbitration*." The claim for offer of judgment costs was not submitted to arbitration, and no such claim existed at that time because there was no verdict. To that point, plaintiff concedes on appeal that the arbitrator did not consider the issue of offer of judgment costs.

Further, MCR 3.602 defines an arbitrator's power to impose costs. MCR 3.602(M) states, "The costs of the proceedings may be taxed as in civil actions, and, if provision for the fees and expenses of the arbitrator has not been made in the award, the court may allow compensation for the arbitrator's services as it deems just." The use of the term "proceedings" refers to the arbitration proceedings over which the arbitrator presides. The offer of judgment is not part of the arbitration proceedings, and any costs involving the offer of judgment is outside the scope of the arbitrator's power to impose costs. Therefore, plaintiff's argument fails, and the district court erred to the extent that it concluded that the arbitration award barred defendants' motion for offer of judgment costs.

The district court also expressly found *Kequam* persuasive in its order denying defendants' motion for offer of judgment costs because, in that case, an arbitration award did not satisfy the definition of "verdict" in MCR 2.405(A)(4). *Kequam*, unpub op at 1. Not only is *Kequam* nonbinding authority under MCR 7.215(C)(1), its holding pertained to the former version of MCR 2.405(A)(4), and therefore, was entirely irrelevant to the current version of MCR 2.405(A)(4). The prior version did not contain MCR 2.405(A)(4)(c), which is the controlling provision at issue here. Therefore, the district court erred when it relied on *Kequam*.

Finally, defendant contends that the "interest of justice" exception under MCR 2.405(D)(3) does not apply here. MCR 2.405(D)(3) states as follows:

**(D) Imposition of Costs Following Rejection of Offer.** If an offer is rejected, costs are payable as follows:

-6-

(3) The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

This Court has held that "the interest of justice exception should be applied only in unusual circumstances." *Stitt v Holland Abundant Life Fellowship*, 243 Mich App 461, 472; 624 NW2d 427 (2000) (citation and quotation marks omitted). "[T]he unusual circumstances necessary to invoke the 'interest of justice' exception may occur where a legal issue of first impression is presented, or 'where the law is unsettled and substantial damages are at issue, where a party is indigent and an issue merits decision by a trier of fact, or where the effect on third persons may be significant. . . .' " *Haliw v City of Sterling Hts (On Remand)*, 266 Mich App 444, 448; 702 NW2d 637 (2005) (citation omitted).

The district court's order does not address this exception. " '[A] court speaks through its written orders and judgments, not through its oral pronouncements.' " *City of Sterling Hts v Chrysler Group, LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015), quoting *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009) (alteration in original). Because the district court did not reach the issue of whether the "interest of justice" exception applies in its order, we cannot determine whether the exception to MCR 2.405(D)(3) applies to the facts of this case. For that reason, we must remand the case to the district court for a determination of the applicability of the exception and to articulate the basis for its decision. If the exception does not apply, the district court must impose offer of judgment costs.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher