*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAY BURKS,

      Plaintiff-Appellant,

v

INDEPENDENT BANK,

      Defendant-Appellee.

UNPUBLISHED
February 7, 2019

No. 341008
Bay Circuit Court
LC No. 16-003812-CD

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting offer-of-judgment sanctions pursuant to MCR 2.405 to defendant, Independent Bank (the Bank). We affirm.

## I. BACKGROUND

Plaintiff worked for defendant for more than 38 years, including as a branch manager for her last 11 years. According to defendant, plaintiff's performance evaluations indicated that she was only partially meeting the job requirements.[1] In addition, the lead teller at plaintiff's branch called the Bank's Senior Vice-President, Mike Stodolak, to report plaintiff's inadequacy as a branch manager. Plaintiff's supervisor, Cheryl Ratynski, went to plaintiff's branch to follow up on the lead teller's complaint, which involved interviewing employees. Bank teller Joshua Jablonski gave Ratynski a letter criticizing plaintiff's management capabilities during his interview.[2] According to plaintiff, defendant Bank did not terminate her, force her to retire, or

---

[1] For example, in Plaintiff's 2015 performance evaluation it was noted that plaintiff's branch failed an internal audit, and many customer accounts were incorrect for an extended length of time due to multiple cash item inefficiencies.

[2] The letter included critiques such as: plaintiff has "poor management skills," plaintiff has a "distinct disregard for her employees' well-being," and plaintiff has been "unprofessional" and "rude and wrongful" toward customers.

demote her until Jablonski wrote his letter in retaliation to plaintiff's recent report of his sexual harassment at work.[3] Nevertheless, Ratynski considered the merits of Jablonski's letter when she assessed plaintiff's future at the Bank.

Eventually, plaintiff was presented with two options: transfer to another branch at the same base salary, or retire with a severance payment and retiree health benefits. Plaintiff believed the transfer constituted a demotion because it would result in a reduction in her commissions. Plaintiff resigned without accepting the severance package and filed a two-count complaint, alleging age discrimination and retaliatory discharge, for reporting a subordinate's inappropriate sexual conduct in June 2016. However, during her deposition, plaintiff acknowledged that defendant had not necessarily taken retaliatory action against her after reporting the employee's conduct, and she suggested that her claim was based only on age discrimination.

After discovery, defendant made an offer of judgment in the same amount as the previously offered severance pay. Plaintiff did not accept. Defendant also moved for summary disposition on both counts. The trial court reviewed the pleadings, heard oral arguments, and granted summary disposition in favor of defendant. Plaintiff filed a motion for reconsideration, which the trial court also denied. Plaintiff attempted to claim an appeal from the trial court's grant of summary disposition and denial of reconsideration, but this Court dismissed those claims as untimely or unappealable.[4]

Defendant filed a post-judgment motion for offer-of-judgment sanctions under MCR 2.405, seeking costs and attorney fees, based on plaintiff's failure to accept its offer of judgment. Following a hearing, the trial court granted defendant's motion. The instant appeal pertains only to the order granting sanctions in favor of defendant.

## II. STANDARD OF REVIEW

Generally, this Court reviews the interpretation of statutes and court rules de novo. *Simcor Constr, Inc v Trupp*, 322 Mich App 508, 513-514; 912 NW2d 216 (2018). We review the interpretation and application of the offer-of-judgment rule de novo. *Id*. at 514. A trial

---

[3] Plaintiff reported Jablonksi to Ratynski for making sexual comments to an employee as well as sexual gestures behind another employee. Ratynski reported the harassment to Stodolak, who did not report the incident to Human Resources because he did not think it rose to the level of sexual harassment.

[4] *Burks v Independent Bank*, unpublished order of the Court of Appeals, entered November 22, 2017 (Docket No. 341008). Plaintiff subsequently filed a delayed application for leave to appeal those orders, which this Court denied. *Burks v Independent Bank*, unpublished order of the Court of Appeals, entered February 8, 2018 (Docket No. 341566). Plaintiff's application for leave to appeal the latter denial is currently pending before our Supreme Court in Docket No. 157757. Nothing in this opinion should be construed as expressing any views regarding the substantive merits of the underlying litigation.

court's decision to award sanctions under MCR 2.405(D), and a trial court's decision whether to invoke the interest-of-justice exception regarding an award of attorney fees, are reviewed for an abuse of discretion. *Id.* "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.* (internal quotation and citation omitted).

### III. OFFER OF JUDGMENT RULE

MCR 2.405 governs offers to stipulate to entry of judgment, and MCR 2.405(D) provides for the imposition of costs following the rejection of such an offer. This is known as the "offer of judgment rule." *Simcor Constr,* 322 Mich App at 514. "The purpose of MCR 2.405 is to encourage settlement and to deter protracted litigation." *Luidens v 63rd Dist Court*, 219 Mich App 24, 31; 555 NW2d 709 (1996) (quotation marks and citation omitted). MCR 2.405(D)(1) provides:

> (D) Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:
>
> > (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

Plaintiff does not dispute that the adjusted verdict in this matter is more favorable to the Bank than the average offer, so an award of sanctions was technically proper. Instead, she argues that the trial court abused its discretion by failing to invoke the "interest of justice exception," which is set forth in MCR 2.405(D)(3) as follows:

> The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

This Court has held that "the interest of justice exception should be applied only in unusual circumstances." *Stitt v Holland Abundant Life Fellowship (On Remand)*, 243 Mich App 461, 472; 624 NW2d 427 (2000) (quotation marks and citation omitted). "[T]he unusual circumstances necessary to invoke the 'interest of justice' exception may occur where a legal issue of first impression is presented, or 'where the law is unsettled and substantial damages are at issue, where a party is indigent and an issue merits decision by a trier of fact, or where the effect on third persons may be significant.' " *Haliw v Sterling Hts (On Remand)*, 266 Mich App 444, 448; 702 NW2d 637 (2005) (quotation marks and citations omitted).

> Factors such as the reasonableness of the offeree's refusal of the offer, the party's ability to pay, and the fact that the claim was not frivolous "are too common" to constitute the unusual circumstances encompassed by the "interest of justice" exception. However, the exception may be applicable when an offer is made in the spirit of "gamesmanship . . . rather than a sincere effort at negotiation," or when litigation of the case affects the public interest, such as a case resolving an issue of first impression. [*Derderian v Genesys Health Care Sys*, 263 Mich App 364, 391; 689 NW2d 145 (2004) (citations omitted).]

### IV. APPLICATION OF INTEREST OF JUSTICE EXCEPTION

Plaintiff argues that "unusual circumstances" exist in this matter. Specifically, she argues that defendant's offer of judgment was "an illusory, token offer" that was "made in the spirit of gamesmanship." As noted, prior to the commencement of litigation, defendant offered plaintiff an opportunity either to transfer to another branch or to accept a severance package that included a payment of $27,355.50. Following discovery, defendant submitted to plaintiff an offer of judgment in the same amount of $27,355.50, while contemporaneously filing a motion for summary disposition. Plaintiff failed to respond to the offer of judgment, and the offer was deemed rejected. Subsequently, the trial court granted summary disposition in favor of defendant, dismissing plaintiff's claims with prejudice.

Plaintiff's claim that the interest-of-justice exception should apply appears to be founded solely on plaintiff's interpretation of defendant's offer of judgment as a "token offer" intended to be rejected. Plaintiff accurately notes that this Court has previously found the interest-of-justice rule applicable to a "gamesmanship" situation in which a defendant made the same offer of judgment twice. See *Sitt*, 243 Mich App at 471-477. However, in *Sitt*, the second offer was clearly a relatively paltry amount far below a mediation evaluation that had occurred in the meantime. *Id*. No such intervening circumstance occurred here. Furthermore, it is not readily apparent that defendant's offer of $27,355.50 was a "token offer" compared to a potential award of $0 if its motion for summary disposition were to be granted. Plaintiff has also not articulated how the amount of that offer was inherently unreasonable other than the fact that she had already turned it down once prior to commencing suit.

## V. CONCLUSION

We are unable to find on this record that defendant's offer of judgment was an act of gamesmanship rather than a sincere effort to negotiate and avoid further litigation. Defendant's offer of judgment provided plaintiff the opportunity to settle without the hassle and expense of protracted litigation. Plaintiff has not asserted the presence of any other unusual circumstances. Consequently, we cannot find that the trial court abused its discretion when it concluded that defendant's actions did not support application of the interest-of-justice exception. Therefore, the trial court did not err when it granted defendant's request for sanctions under MCR 2.405, and it did not abuse its discretion in declining to invoke the interest-of-justice exception to refuse to award attorney fees.

Affirmed. Defendant, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause

-4-