*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEW HORIZON CHIROPRACTIC PLLC,

        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
June 9, 2022

No. 357148
Wayne Circuit Court
LC No. 20-001258-NF

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition. We reverse and remand for entry of an order granting summary disposition in defendant's favor.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In June 2017, Darryl White was injured while a passenger in an automobile that collided with another vehicle. In April 2018, White filed suit against the driver of the vehicle in which he had been riding, as well as against that driver's insurer, defendant. Relevant to this appeal, White sought payment of personal protection insurance (PIP) benefits from defendant under the no-fault act, MCL 500.3101 *et seq*.

In December 2018, plaintiff provided services to White and White signed a document entitled "Michigan Motorvehicle [sic] No-Fault Insurance Law Assignment of Benefits," agreeing to assign his rights under the no-fault act to plaintiff insofar as they related to plaintiff's services. The assignment specified that it was "not an assignment of a right to benefits payable in the future"

---

[1] *New Horizon Chiropractic PLLC v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered July 20, 2021 (Docket No. 357148).

but was limited to services that plaintiff had already provided to White. According to plaintiff's records, plaintiff had provided four services to White at that time, with a listed cost of $515.

On October 16, 2019, White and defendant executed an agreement entitled "Settlement Agreement and Release of All PIP Claims." In the agreement, White agreed to release his PIP claims against defendant, including "any and all liability for any charges, expenses, or bills—incurred at any time in the past, present, and into the future—for . . . chiropractic services . . . ." White and defendant also agreed that their settlement covered "all PIP claims or possible claims of every kind for PIP benefits against [defendant], made by or on behalf of Mr. White, whether known or unknown . . . with the exception of only those claims for PIP benefits by or for" two named healthcare providers, neither of which was plaintiff.

The following day, on October 17, 2019, White signed a document entitled "Michigan Motor Vehicle No-Fault Insurance Law Assignment of Benefits" related to services provided by plaintiff; the pertinent terms were identical to the terms of the first assignment. According to plaintiff's records, plaintiff had provided additional services to White between December 7, 2018 and October 18, 2019. On October 25, 2019, White and defendant stipulated to the entry of an order dismissing White's claim against defendant.

In January 2020, Plaintiff filed suit against defendant, alleging that defendant was obligated to pay PIP benefits to White under the terms of its insurance policy, and that plaintiff had received from White an assignment of the right to receive those payments. Defendant moved for summary disposition under MCR 2.116(C)(7) (claim barred by release and prior judgment) and MCR 2.116(C)(10) (no genuine issue of material fact). Defendant argued that plaintiff's claim was barred by defendant's settlement with White because defendant had discharged its liability through its good-faith payment to White, and also that plaintiff's claim was barred by res judicata.

The trial court dispensed with oral argument and entered an order denying defendant's motion for summary disposition. The order provided no rationale other than the statement, "New Horizon Bills not part of settlement." Defendant moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by a release or a prior judgment. "A summary disposition motion brought under subrule (C)(7) does not test the merits of a claim but rather certain defenses that may eliminate the need for a trial." *Nash v Duncan Park Comm*, 304 Mich App 599, 630; 848 NW2d 435 (2014) (quotation marks and citation omitted), vacated in part on other grounds 497 Mich 1016 (2015). "In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013).

"A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of the plaintiff's claim and should be granted, as a matter of law, if no genuine issue of any material fact exists to warrant a trial." *Doe v Henry Ford Health Sys*, 308 Mich App 592, 596-597; 865 NW2d 915 (2014). "When evaluating a motion for summary disposition under MCR 2.116(C)(10), 'a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.' " *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016), quoting *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

"Generally, this Court reviews de novo '[t]he interpretation of statutes and court rules.' " *Simcor Constr, Inc v Trupp*, 322 Mich App 508, 513; 912 NW2d 216 (2018) (alteration in original), quoting *Estes v Titus*, 481 Mich 573, 578; 751 NW2d 493 (2008). The applicability of the legal doctrine of res judicata is a question of law that is also reviewed de novo. *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 555-556; 540 NW2d 743 (1995), aff'd sub nom *Husted v Dobbs*, 459 Mich 500 (1999).

## III. ANALYSIS

Defendant argues that the trial court erred by denying its motion for summary disposition under MCR 2.116(C)(10), because its good-faith payment to White discharged its liability as a matter of a law under MCL 500.3112. We agree.

The no-fault act entitles an insured to PIP benefits for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). An insured may assign his or her right to past or presently-due benefits to a healthcare provider. *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 217 n 40; 895 NW2d 490 (2017).

MCL 500.3112 provides, in relevant part, as follows:

> Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person.

As our Supreme Court has explained, this provision "allows a no-fault insurer to discharge its liability through payment to or for the benefit of a person it believes is entitled to benefits, as long as the payment is made in good faith and the insurer has not been previously 'notified in writing of the claim of some other person.' " *Covenant Med Ctr, Inc*, 500 Mich at 210.

MCL 500.3112 operates to discharge an insurer's liability for PIP benefits assigned to a third party when it settles the PIP claims of the assignor without having been provided notice of the assignment. "In other words, [the] plaintiff would have to have provided [the] defendant with a copy of the assignment of benefits *before* [the] defendant entered into the settlement agreement with [the assignor]." *Physiatry & Rehab Assoc v Alhalemi*, 333 Mich App 87, 92; 958 NW2d 626

(2020). Therefore, summary disposition is properly granted when the assignor "agreed in the settlement to release all past, present, and future claims that he had against [the] defendant and to pay all medical bills arising from the accident with the settlement funds," and when the plaintiff offered "no evidence that a written copy of the assignment was ever provided to [the] defendant before the settlement agreement was entered into." *Id*. "[T]o have a 'claim' under the no-fault act, a provider must have a right to payment of PIP benefits from a no-fault insurer." *Covenant Med Ctr, Inc*, 500 Mich at 211.

MCR 2.209(A)(3) provides that on "timely application a person has a right to intervene in an action" when "the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

In this case, the trial court was presented with undisputed evidence that defendant had entered into a settlement agreement with White before plaintiff filed its complaint, and that White had released "any and all" PIP claims against defendant as part of that settlement. While plaintiff offered copies of the two assignments it had obtained from White, plaintiff did not offer any evidence that defendant had notice of any assignment of rights to plaintiff at the time defendant and White executed their settlement agreement on October 16, 2019. Indeed, the second of White's two assignments to plaintiff was dated October 17, 2019, which indicates that it would have been impossible for defendant to have been aware of that assignment on October 16, 2019.

The first assignment, in December 2018, was executed after White had filed his complaint against defendant. MCR 2.209(A)(3) permitted plaintiff to file an application to intervene in White's lawsuit, but plaintiff did not do so. The record is devoid of any evidence that defendant was aware, before entering into the settlement agreement, of any assignment to plaintiff of White's right to PIP benefits. Although defendant was given notice, through the case evaluation process, that plaintiff had provided services to White, defendant's mere awareness of plaintiff's services and bills did not itself establish awareness by defendant of any right for plaintiff to receive payment for PIP-related services. See *Covenant Med Ctr*, 500 Mich at 211.

Given the uncontroverted evidence of defendant's good-faith payment to White, White's release of claims, and defendant's lack of notice regarding any assignments plaintiff obtained from White, defendant's liability was discharged under MCL 500.3112. Therefore, the trial court erred by denying defendant's motion for summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich at 507. Because we reverse the trial court on this ground, we need not consider defendant's alternative argument that plaintiff's claims were barred by res judicata.

Reversed and remanded for entry of an order granting summary disposition in defendant's favor under MCR 2.116(C)(10). We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Noah P. Hood

-4-