*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALVARO G. MASIAS and KIMBER STAMM MASIAS,

        Plaintiffs-Appellees,

v

CRAIG NORTH and SABRINA NORTH,

        Defendants-Appellants.

UNPUBLISHED
September 29, 2022

No. 357294
Washtenaw Circuit Court
LC No. 20-000270-CH

Before: K. F. KELLY, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Defendants appeal by right the trial court's final order denying their motion for costs and attorney fees under MCR 2.405. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from a dispute about the property line between the parties, who live next door to each other in Ann Arbor, Michigan. Defendants, Craig North and Sabrina North, purchased their property in 1989. Plaintiffs, Alvaro G. Masias and Kimber Stamm Masias, purchased the neighboring parcel in 2013. The property line in question concerns a fence separating the two parcels erected by defendants in 1991, which defendants claimed was not the true property line but plaintiffs maintained it was.

Plaintiffs filed a complaint in the trial court asserting one count of adverse possession. After answering plaintiffs' complaint, defendants filed an offer to stipulate to an entry of judgment against them for $350 in full satisfaction of plaintiffs' claim, which plaintiffs rejected. At trial, however, plaintiffs requested voluntary dismissal of their adverse possession claim because the boundary lines established by a recent survey apparently resolved the parties' dispute. Defense counsel objected on the basis that dismissal would preclude a future request for attorney fees and costs. The trial court concluded it could not prevent plaintiffs from dismissing their case and stated "I don't think I can award sanctions on an offer of judgment."

On April 5, 2021, the court dismissed plaintiffs' adverse possession claim; however, because defendants only received the survey the day prior and had no chance to evaluate it, the court left the case

-1-

open to provide an opportunity for all parties to review the survey and hopefully agree on the property line without further court intervention. Defendants subsequently filed a report on the status of the property line, stating that they agreed with plaintiffs' survey and, therefore, believed there was no longer any dispute on the property line requiring the court's adjudication. Defendants also moved for costs and attorney fees under MCR 2.405.

At a hearing on defendants' motion for costs and fees, the trial court concluded that its April 5, 2021 order of voluntary dismissal did not constitute a "verdict" under MCR 2.405. The court thus denied defendants' request for costs and fees and, on May 13, 2021, entered a final order adopting plaintiffs' survey and the property line indicated therein. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision to deny attorney fees under MCR 2.405 for an abuse of discretion. *Anderson v Progressive Marathon Ins Co*, 322 Mich App 76, 92; 910 NW2d 691 (2017). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). In addition, we review de novo the proper interpretation and application of the court rules. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

## III. DISCUSSION

Defendants argue that the trial court abused its discretion when it denied their motion for costs and fees because the court incorrectly determined that plaintiffs' voluntarily dismissal did not result in a verdict under MCR 2.405.[1] We disagree.

"MCR 2.405(D) provides for the imposition of costs following the rejection of an offer to stipulate the entry of a judgment. This is known as 'the offer of judgment rule.' The purpose of MCR 2.405 is to encourage settlement and to deter protracted litigation." *Simcor Constr, Inc v Trupp*, 322 Mich App 508, 514-515; 912 NW2d 216 (2018) (quotation marks and citations omitted). MCR 2.405(D) provides, in relevant part:

(D) Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

Under MCR 2.405(A)(4), the term "verdict" is defined as "a jury verdict," "a judgment by the court after a nonjury trial," or "a judgment entered as a result of a ruling on a motion after rejection of the

---

[1] MCR 2.405 was recently amended on December 2, 2021 (effective January 1, 2022), see 508 Mich clxix (2021). Accordingly, all references herein cite to the prior language in effect when this case was decided below. See MCR 2.405, as amended October 2, 2013, 495 Mich clxxxix (2013).

offer of judgment." Likewise, under MCR 2.405(A)(5), the term "adjusted verdict" is defined as "the verdict plus interest and costs from the filing of the complaint through the date of the offer."

According to defendants, the trial court's order of voluntary dismissal with prejudice qualified as a judgment, which resulted from plaintiffs' oral motion to voluntarily dismiss their claim. Thus, defendants contend the order was a "verdict" under MCR 2.405. Defendants argue that the trial court's conclusion that plaintiffs' voluntary dismissal did not give rise to a verdict triggering an award of attorney fees was possibly affected by the pre-1997 version of the court rule, which lacked language similar to MCR 2.405(A)(4)(c) (defining verdict as "a judgment entered as a result of a ruling on a motion after rejection of the offer of judgment"). Defendants also argue that nothing in the court rule suggests that a dismissal being voluntary has any bearing on this issue.

We disagree with defendants that the April 5, 2021 order of voluntary dismissal constituted a judgment and verdict under MCR 2.405. A "judgment" is "[a] court's final determination of the rights and obligations of the parties in a case." *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 351; 852 NW2d 22 (2014) (quotation marks and citation omitted; alteration in original). Likewise, "entry of a 'judgment' as contemplated by MCR 2.405(A)(1) . . . has all the attributes of a judgment after full litigation, is considered a final adjudication on the merits, and implicates the doctrine of res judicata." *Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 300; 769 NW2d 234 (2009).

With these principles in mind, we conclude that the April 5, 2021 order of voluntary dismissal did not meet the requirements of a "verdict" under MCR 2.405(A)(4). Though the order did dismiss plaintiffs' adverse possession claim with prejudice, the trial court explicitly left the case open because the underlying property dispute remained unresolved. Notably, the court maintained its willingness to try the issue even after the voluntary dismissal were the parties unable to otherwise agree. Therefore, the April 5, 2021 order of voluntary dismissal was an order of conditional dismissal and was certainly *not* a "final determination of the rights and obligations of the parties." See *Acorn Investment Co*, 495 Mich at 351. The fact that plaintiffs received no damages and were not granted equitable relief following voluntary dismissal of their complaint does not save defendants' argument. While it is true this result was more favorable to defendants than their offer of judgment, as explained above, the voluntary dismissal was not a "verdict" under the court rule because that order was not a "judgment."

Given our resolution of the issue above, we need not address defendants' remaining argument regarding the inapplicability of interest of justice exception to the award of fees under MCR 2.405. That exception is only potentially triggered once it is determined that an award of fees under MCR 2.405 is appropriate.

Affirmed. Plaintiffs, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Anica Letica
/s/ Michelle M. Rick

-3-