*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIM T. CAPELLO and JODI A. CAPELLO,

       Plaintiffs-Appellants,

v

KEVIN WALTON and MELISSA WALTON,

       Defendants-Appellees.

UNPUBLISHED
December 7, 2023

No. 364006
Oakland Circuit Court
LC No. 2021-190542-CH

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

BOONSTRA, P.J. (*concurring in part and dissenting in part*).

I generally concur with the majority except to the extent it holds that remand is required for the trial court to consider plaintiffs' interest-of-justice argument. On that issue, I respectfully dissent.

Contrary to the majority opinion, I do not believe that the trial court's statements at the two motion hearings indicated that it may have been unaware of the interest-of-justice exception. The initial motion hearing involved extensive discussions of MCR 2.405, the court rule in which the exception may be found. See MCR 2.405(D)(3)(*i*). Although plaintiffs did not raise the issue of the interest-of-justice exception in their initial briefing, or argue it at the first motion hearing, the trial court, in setting the matter for an evidentiary hearing, specifically told plaintiffs "if you do have any other arguments you want to bring as to what might protect you from 2.405, the sanctions imposed there, then you could—you could submit that in advance and argue it at that time." The trial court allowed supplemental briefing, and plaintiffs in fact raised an extensive interest-of-justice argument in that briefing. At the evidentiary hearing, plaintiff Kim Capello, representing plaintiffs, did not specifically refer to the interest-of-justice argument, but he was given the opportunity to do so; in fact, when given the opportunity to present additional argument, Capello stated, "Your Honor, I'm just going to rely on my brief and my supplemental brief. . . . Everything in there is true and accurate, and I would rely upon that as my testimony." The trial court subsequently issued an opinion and order addressing the operation of MCR 2.405 and holding that plaintiffs had not stipulated to the offers of judgment within 21 days—and had therefore rejected them—entitling defendants to actual costs and a reasonable attorney fee.

Although the trial court did not specifically state that it had rejected plaintiffs' interest-of-justice argument, its opinion displays a thorough understanding of MCR 2.405, under which the trial court held that defendants were entitled to certain costs and attorney fees. The trial court's order therefore, by necessary implication, rejected plaintiffs' argument concerning the interest-of-justice exception. It is not unusual for a trial court to deny arguments by reasonable implication—in fact, MCR 2.119(F)(3) provides that generally "a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, *either expressly or by reasonable implication*, will not be granted." MCR 2.119(F)(3) (emphasis added). I would hold that the trial court's grant of defendants' motion for costs and fees under MCR 2.405 necessarily encompassed a rejection of plaintiffs' interest-of-justice exception argument.

The majority concludes otherwise, based on its reading of *Simcor Constr, Inc v Trupp*, 322 Mich App 508; 912 NW2d 216 (2018). But *Simcor* does not compel a different result. In that case, the trial court held that an arbitrator's award was not a "verdict" for the purposes of MCR 2.405. *Id.* at 513-514. This Court held that the trial court erred by doing so and concluded that remand was appropriate "because the district court did not reach the issue of whether the 'interest of justice' exception applies in its order" denying the defendant's motion. *Id.* at 522 (quotation marks, citations, and alterations omitted). In other words, because the interest-of-justice exception is "the exception to a general rule,"[1] see *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 518; 844 NW2d 470 (2014), the trial court in *Simcor* had never reached the issue of whether the exception applied, because it had preliminarily held that the arbitrator's award did not satisfy the first necessary element of the general rule—that there be a "verdict" that was more favorable to the offeror than the average offer. *Simcor*, 322 Mich app at 513-514. Remand was therefore appropriate to allow the parties to address the interest-of-justice issue before the trial court in the first instance. *Id.* at 522.

In this case, by contrast, the trial court, after being provided with plaintiffs' interest-of-justice argument via supplemental briefing, determined that the general rule of MCR 2.405(D) applied without exception. I believe the majority reads *Simcor* too broadly—*Simcor* did not establish a bright-line rule that trial courts, in granting a defendant's motion for costs under MCR 2.405(D), must always explicitly state that they have considered the interest-of-justice exception and have rejected it. Rather, this Court in *Simcor* simply recognized that the relevant analysis under MCR 2.405(D) had not occurred in that case because it had been cut off by the trial court's finding that the arbitrator's award was not a verdict. Because the circumstances of this case are distinguishable from those in *Simcor*, I would hold that *Simcor* does not compel a remand in this case.

---

[1] MCR 2.405(D) provides for the imposition of costs following rejection of an offer of judgment, and MCR 2.405(D)(1) states that "[i]f the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action." If the adjusted verdict is more favorable to the offeror than the average offer, the trial court "shall determine the actual costs incurred" but "may, in the interest of justice, refuse to award an attorney fee under this rule." MCR 2.405(D)(3).

Having determined that the case need not be remanded, I would affirm the trial court's grant of defendants' motion. The interest-of-justice exception "should not be applied absent unusual circumstances." *AFP Specialties*, 303 Mich App at 518-519 (quotation marks and citation omitted). "The unusual circumstances necessary to invoke the 'interest of justice' exception may occur where a legal issue of first impression is presented, or 'where the law is unsettled and substantial damages are at issue, where a party is indigent and an issue merits decision by a trier of fact, or where the effect on third persons may be significant." *Simcor*, 322 Mich App at 521-522 (quotation marks, citation, and alterations omitted). "Factors such as the reasonableness of the offeree's refusal of the offer, the party's ability to pay, and the fact that the claim was not frivolous are too common to constitute the unusual circumstances encompassed by the 'interest of justice' exception." *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 391; 689 NW2d 145 (2004).

This case did not present an issue of first impression. Although plaintiffs argue that a novel issue was raised in the post-summary disposition arguments concerning the effect of recent amendments to MCR 2.403 on potential case evaluation sanctions, the actual litigation that resulted in the offers of judgment and the rejection of those offers was a breach of contract and fraud case involving a real estate deal gone wrong. The case was resolvable using long-standing principles of the law of contracts, fraud, and summary disposition, and there was no issue of first impression presented. Further, no party has argued that plaintiffs were indigent, or that the issue merited decision by a trier of fact, or that the effects of the case on third persons would be significant. *Simcor*, 322 Mich App at 521-522.

Additionally, defendants' offers were made at a time when it seemed quite possible, even likely, that they would prevail at summary disposition. Plaintiffs had failed to identify any evidence that they had suffered any damages as a result of defendants' alleged breach of contract. Defendant Melissa Walton was further protected from liability by a provision in the purchase agreement releasing brokers from liability arising from a failure to close the sale. Plaintiffs have therefore not established that defendants' offers of judgment were de minimis or the result of gamesmanship. See *AFP Specialties*, 303 Mich App at 519-520. Accordingly, I would hold that the trial court did not abuse its discretion by granting defendants' motion for costs and attorney fees under MCR 2.405(D). *Id.* at 516.

Although I conclude that the trial court impliedly rejected plaintiffs' interest-of-justice argument,[2] I note that even if the trial court improperly failed to address this argument, a remand is not necessarily required. Under the general rules of issue preservation, plaintiffs did not preserve the issue of the trial court's alleged failure to consider their interest-of-justice argument by raising it before the trial court. See *Richard v Schneiderman & Sherman, PC (On Remand)*, 297 Mich App 271, 273; 824 NW2d 573 (2012) (holding that the plaintiff's argument that the trial court failed to rule on his motion to amend his complaint was not preserved for appellate review because the plaintiff "did not raise these claims of error before the trial court"). Plaintiffs have therefore waived appellate review of this issue. *Tolas Oil & Gas Exploration Co v Bach Serv &*

---

[2] As I have discussed, I do not believe that *Simcor* established a rule mandating that trial courts expressly address such arguments.

*Manufacturing, LLC*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 359090), slip op at 2-3 (noting that, in civil cases, Michigan follows the "raise or waive" rule of appellate review, and that a party seeking appellate review of a claim of error must generally "show that the same basis for the error claimed on appeal was brought to the trial court's attention") (citations omitted). And even if this Court were to disregard its issue preservation requirements, see *id.* at ___, slip op at 3, the record shows, as I have stated, that the interest-of-justice exception does not apply in this case, and plaintiffs accordingly cannot show any error requiring reversal.

For these reasons, I concur in part and respectfully dissent in part, and would affirm the trial court's order granting costs and attorney fees under MCR 2.405(D).

/s/ Mark T. Boonstra