*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIM T. CAPELLO and JODI A. CAPELLO,

UNPUBLISHED
December 7, 2023

Plaintiffs-Appellants,

v

No. 364006
Oakland Circuit Court
LC No. 2021-190542-CH

KEVIN WALTON and MELISSA WALTON,

Defendants-Appellees.

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

In this breach of contract action arising from the failed sale of plaintiffs' house, the trial court granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(7) (release), (8) (failure to state a claim), and (10) (no genuine issue of material fact).[1] Plaintiffs appeal by right the trial court's order granting sanctions pursuant to MCR 2.405(D), also known as the offer of judgment rule. Because the trial court failed to address plaintiffs' argument that the interest-of-justice exception to the offer of judgment rule should bar recovery of attorney fees, we must vacate the court's order and remand for additional proceedings.

## I. BACKGROUND

Kevin Walton, with his wife Melissa Walton acting as his agent, entered into a contract to purchase plaintiffs' house for $680,000. However, after the purchase agreement was executed but before the sale closed, Kevin Walton's brother was struck by a drunk driver and killed. Because Kevin Walton's brother was predeceased by his wife, defendants were suddenly entrusted with the care of their two minor nieces, one of whom had serious medical problems and also passed away during the pendency of this litigation. As a result of this sudden upheaval, defendants decided that

---

[1] In a separate appeal, plaintiffs' delayed application for leave to appeal the order granting summary disposition was denied. *Capello v Walton*, unpublished order or the Court of Appeals, entered June 28, 2023 (Docket No. 364509).

it was not the right time in their lives to purchase this house. Two days after Kevin Walton announced his intent to breach and prior to relisting the house for sale, plaintiffs sued for breach of contract and fraud. The house subsequently sold for $703,000, and Kevin and Melissa Walton tendered separate offers of judgment for $821.71 and $1, respectively. This offer was declined, and the court ultimately granted summary disposition in favor of defendants. With respect to Melissa, the court concluded that the purchase agreement released her, as the buyer's agent, from any liability arising from failure to close the sale. With respect to both defendants, the court concluded the plaintiffs failed to establish damages. Defendants moved for offer-of-judgment sanctions, and the court ordered defendants to pay $28,281.25 in attorney fees as well as $61.80 in costs.

## II. DISCUSSION

### A. STANDARDS OF REVIEW

"In general, the interpretation and application of the offer-of-judgment rule is reviewed de novo." *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 516; 844 NW2d 470 (2014). However, the trial court's decision regarding whether to apply the interest-of-justice exception as a basis for refusing an award of attorney fees is reviewed for abuse of discretion. *Id*. "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. at 517 (quotation marks and citation omitted). Any factual findings "underlying an award of attorney fees are reviewed for clear error. A finding of the trial court is clearly erroneous when, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made." *Id*. at 516.

### B. INTEREST-OF-JUSTICE EXCEPTION

Plaintiffs argue that the trial court erred by failing to address their argument that the interest-of-justice exception barred recovery of attorney fees. We agree.

Pursuant to MCR 2.405(B), a party may "offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued." The offering party may recover "actual costs incurred in the prosecution or defense of the action" if the offer is rejected and the offering party obtains a verdict more favorable than the offer. MCR 2.405(D)(1). MCR 2.405(D)(3)(*i*) confers limited discretion upon the court to deny attorney fees "in the interest of justice" in "cases involving offers that are token or de minimis in the context of the case . . . ." In its order granting offer-of-judgment sanctions, the trial court failed to acknowledge the existence of this exception despite it having been raised by plaintiffs.

In *Simcor Constr, Inc v Trupp*, 322 Mich App 508, 512; 912 NW2d 216 (2018), the plaintiff rejected an offer of judgment then saw their case wholly dismissed by an arbitrator. The defendant's motion for offer-of-judgment sanctions was denied, however, because the district court mistakenly believed that an arbitrator's decision is not a "verdict" for the purposes of MCR 2.405. *Id*. at 513-514. This Court concluded that, despite the district court's error, it could not impose offer-of-judgment sanctions because the district court never addressed that issue:

The district court's order does not address this exception. A court speaks through its written orders and judgments, not through its oral pronouncements. Because the district court did not reach the issue of whether the 'interest of justice' exception applies in its order, we cannot determine whether the exception in MCR 2.405(D)(3) applies to the facts of this case. For that reason, we must remand the case to the district court for a determination of the applicability of the exception and to articulate the basis for its decision. [*Id*. at 522 (quotation marks, citations, and alterations omitted).]

The application of *Simcor* to this case is straightforward. The trial "court's order does not address this exception," so this Court "must remand the case to the [circuit] court for a determination of the applicability of the exception and to articulate the basis for its decision." *Id*.

Moreover, the court's order in no way acknowledged the existence of this exception, and the trial court made comments at the two hearings suggesting that it lacked awareness of the fact that an award was in any way discretionary. For example, at the motion hearing, the court asked plaintiffs if they had "any basis upon which I would even be allowed to disregard the offer of judgment." This comment was made after defendants' attorney said, "*There is no discretion* that's offered with that when an offer is submitted to the other side and rejected and the offeree is more successful, our case having been dismissed in its entirety. The rule requires that *the other side must pay*." These comments, combined with the absence of any mention of the court's discretion, suggest that the court may not have been aware that it had any discretion to exercise. "It is by now well-settled that a trial judge commits reversible error if he or she does not recognize that he or she has discretion and therefore fails or refuses to exercise it." *People v Merritt*, 396 Mich 67, 80; 238 NW2d 31 (1976).

## C. OTHER ARGUMENTS

The other arguments plaintiffs raised on appeal are either without merit or not ripe for appellate review.

Plaintiffs argue that Kevin and Melissa Walton's respective offers of judgment should have been analyzed separately when the court determined if they were *de minimis* offers and not genuine attempts to settle. However, as discussed above, the trial court has yet to actually address this argument. Therefore, the issue is not ripe for appellate review. It is well settled that this Court will not consider hypothetical issues on appeal, reach the merits of issues that are not ripe for review, or issue advisory opinions. See *People v Hart*, 129 Mich App 669, 674; 341 NW2d 864 (1983); *Rozankovich v Kalamazoo Spring Corp (On Rehearing)*, 44 Mich App 426, 428; 205 NW2d 311 (1973).

Finally, plaintiffs make a cursory and underdeveloped argument that "[t]he Court should have made a separate finding as to costs and attorney fees incurred by **each** Defendant." Plaintiffs fail to cite any authority in support of this argument and fail to offer any explanation for how this alleged error harmed them. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *In re Warshefski*, 331 Mich App 83, 87; 951 NW2d 90 (2020) (quotation marks and citation omitted). Therefore, review of this issue

is waived. Regardless, Kevin and Melissa Walton were codefendants whose potential liability stemmed from the same transaction and the same facts. Aside from Melissa Walton's simple release argument, they both raised the same defense: lack of damages. Presumably, most—if not all—of the work performed by the attorneys in this matter was performed on behalf of both defendants.

## III. CONCLUSION

We vacate the trial court's order granting attorney fees. This case is remanded for the limited purpose of considering plaintiffs' argument that defendants did not make a genuine effort to settle the case. The reasonableness and amount of fees were not among the issues raised on appeal; therefore, with the exception of any additional attorney fees incurred during this appeal, the issue shall not be revisited on remand. To facilitate expeditious review of the proceedings on remand, we retain jurisdiction.

/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado

# Court of Appeals, State of Michigan

## ORDER

KIM T CAPELLO v KEVIN WALTON

Docket No. 364006

LC No. 2021-190542-CH

Mark T. Boonstra
Presiding Judge

Michael F. Gadola

Allie Greenleaf Maldonado
Judges

---

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. The proceedings on remand are limited to the issues specifically addressed in the opinion issued concurrently with this order.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

December 7, 2023
Date

Chief Clerk